GEORGE W. LAY *et als.*, Appellants, *vs.* JOHN I. SHAUBHUT and HENRY SHAUBHUT, Respondents.

APPEAL FROM THE DISTRICT COURT OF BLUE EARTH COUNTY.

A Sheriff having attached certain real property of the judgment debtor, proceeds to sell on execution, but advertises and sells under an erroneous description, intending however to sell the property attached. The judgment creditor purchases at the sale, in the belief that he is purchasing the property attached, and wholly ignorant of the error in the description. It afterwards appears that the judgment debtor has no manner of title or claim to the property as described in the advertisement and certificate of sale. *Held,* that a Court of Equity will relieve from the mistake.

Points and Authorities for Appellants.

I.—The judgment was satisfied in fact by sale upon execution, and was satisfied in the Docket by return of execution " satisfied."

There could be no mistake for the same premises advertised were sold, and the same levied upon was advertised as set forth in the complaint. And the Sheriff could not be mistaken as to the levy, for he was required to go upon the premises to make the levy. *Pub. Stat., p.* 368, *sec.* 88, *p.* 357, *sec.* 148; *Vol.* 1 *Min. R., p.* 429.

II.—At a Sheriff's Sale of real estate, only the right, title and interest of the Defendant in the execution is sold, and the notice of sale only advertised that title.

III.—The notice of sale did not purport to advertise any premises previously attached, but certain premises levied upon by virtue of the execution; no attachment was referred to in the notice of sale.

IV.—The purchasers bid upon the lots advertised in the notice of sale. Town plats being public records are constructive notice to all parties, and it is immaterial to the purchaser as to the intent of the Sheriff to levy upon other premises.

V.—The Plaintiffs do not present a case wherein the Court
vol vi.—35

are called upon to grant any relief. *Vol. 1 Story's Eq.*, sec. 141 and cases cited.

If a judgment was satisfied of record through mistake, and the parties should apply to have the satisfaction set aside, the Courts would not grant him his prayer if it should appear that the judgment was satisfied in fact.

VI.—In this case a bid was made upon property consisting of several lots. Nothing is alleged or proven to show that any particular lots included in the sale was the inducement of the purchase; the purchasers, according to their own showing, got all that they expected in two of these lots, and these, in the absence of any allegations or proofs to the contrary must be presumed to be worth the whole amount of the bid and the Court will not set the sale aside.

VII.—There was al o another bid made at the sale of $500, and it will not do for the Court to presume that such bidder was also mistaken.

VIII.—It is quite probable that a loss will be sustained if the sale is set aside and the property again sold; the reputation of the property is embarrassed and injured by the previous sale, which would prejudice the sale, and it would be hardly expected that it would again sell for as much as it would have sold for at the previous sale. The Court can do no m re for the Plaintiff in ordering a new sale than to condition it upon the bidding by Plaintiffs upon lots one and five in block three, a sum equal to five hundred dollars, if a loss must be sustained. Even if through mistake, it is but right that the party committing the mistake should be the loser. For he that asks equity must do equity. *Willard's Eq. Jur.*. 646.

IX.—f the Plaintiffs purchased through mistake as to the lots, it is a mistake through their own carelessness, for by examination of the title they could easily have ascertained their condition; they were the Plaintiffs in the execution and are responsible for the regularity of the proceedings. *Willard's Eq. Jur.*, *p.* 70; *Taylor vs. Fleet*, 4 *Barb.*, 95.

X.—It would work a great hardship to subsequent judgment creditors was the sale set aside and a new execution ordered. Sales have already been made since the satisfaction

of the judgment, upon other judgments, the subsequent creditors have acquired rights and the Courts will not interfere to set the sale aside.    *Vanderburgh vs. Briggs,* 7 Cow., p. 366.

Points and Authorities for Respondent.

I.—On a sale of personal property to which the Defendant in the execution had no title, the Court ordered the endorsement struck out and gave leave to issue a *fi. fa.* for the whole amount of the judgment. 5 *Cow.*, 280, *Adams vs. Smith & Parmelee.* To the same effect see 7 *Pick.*, 52, *Flagg vs. Dryden*; 2 *Wend.*, 260, *Ontario Bank vs. Lansing*; 12 *Wend.*, 253, *Meeker vs. Allen.*

II.—In this instance the Respondents are the senior attaching creditors of Lay, and the Appellants are all junior attaching or judgment creditors.    Moreover the judgment setting aside this sale is conditioned that certain sales heretofore made by the Appellants shall rems in undisturbed.

Where the Defendant had no title to land sold on execution, and the Sheriff had given a certificate of sale to the purchaser, and endorsed the bid on the execution, relief was denied on motion and the purchaser sent to a Court of Equity. The Court however say, "clearly there must be a remedy in such a case." 5 *Cow.*, 58, *Lansing et als., Executors, vs. Quackenbush.*

III.—This is an action in Equity and not a motion.

The Deputy Sheriff applied to set aside a sale where there was a misdescription of the premises and also a mistake as to the place of sale, which was granted. 4 *Cow*, 415, *Wright & Ely vs. Hooker*; 1 *How. Prac. Rep.*, 112, *Tinker & Craft vs. Irvine.*

IV.—The Appellants insist it was error for the Sheriff to sell all the lots in one bid.    We claim this was only an additional reason why the sale should be set aside.

V.—No proof was made by either party showing the value of the two lots correctly described in the notice of sale.

VI.—All the creditors can bid at the next sale, or redeem, and by either mode get the benefit of the full value of the property.

VII.—The Respondents never made a legal purchase of these lots, as they bid under a mistake; and neither law nor equity will enforce a contract against the consent of a party, he has never made, even though it is beneficial to him.

VIII.—The complaint distinctly alleges that the Defendant Lay owned the eight lots in block six of Everett's survey, where they were attached and where one judgment was docketed; but that he did not then nor at any time own the eight lots of block six of Bruner's survey described in the notice of sale, neither of which allegations are denied in the answer of these Appellants.

IX.—The only allegation of the complaint which is denied by these Appellants (aside from the denial of facts subsequently admitted by them in their stipulation,) is their denial of a mistake of description in the notice and sale of the eight· lots.   Hence if any error has been made in the introduction of evidence, upon any other point on the trial below, they cannot take advantage of it here.   All the evidence on the other points was necessary only by the answer of Hilton and wife, who specially denied every allegation of the complaint. But Hilton and wife are not Appellants here.

The levy may have been made by entry upon the true property, and the description be wrong.   That would be mistake. If the entry for the purpose of the levy was upon the wrong property, that was mistake.   And if the levy was made without entry, it was void, and the satisfaction should be annulled.

WILKINSON & BARNEY, Counsel for Appellants.

WAITE & BURT and A. G. CHATFIELD, Counsel for Resp'ts.

*By the Court*—EMMETT, C. J.—The general rule that an act done or contract made under a mistake, or ignorance of a material fact, is relievable in equity, is peculiarly applicable to this case.

The Plaintiffs, having previously commenced an action for the recovery of money against George W. Lay, one of the Defendants in this action, had attached as security for the

satisfaction of such judgment as they might recover therein, certain real estate belonging to said Lay, amongst which were ten lots in the town of Mankato.    The lien thus acquired proved to be prior to the liens or interest acquired by any of the Defendants in the present action.  After the Plaintiffs had recovered judgment against Lay, in the action in which said property had been attached, execution was issued thereon and delivered to the Sheriff of Blue Earth county, who was the same who had attached the property at the instance of the Plaintiffs.   Upon the receipt of this writ it became the duty of said Sheriff to satisfy the judgment out of the property attached by him, if it were sufficient for that purpose.  *Comp. Stat.*, 552, *sec.* 156.  He accordingly advertised for sale under said execution ten lots in the town of Mankato, as the property of said Lay, supposing at the time that he was advertising, and intending thereby to advertise the same ten lots, which he had previously attached.   But in describing the same, he committed an error, in regard to the particular plot or survey by which eight of the lots were numbered, they being numbered in the return to the attachment according to Everett's survey, whereas he described them in the notice of sale as numbered according to the survey of Bruner.   On the day appointed for the sale, the Sheriff still being ignorant of any error in the description, and intending to sell the same lots which he had attached, as before mentioned, sold, according to the erroneous description, all of the lots as one parcel to the Plaintiffs for a sum sufficient to satisfy their judgment and costs, and returned the execution as "satisfied in full." At the time of the sale the Plaintiffs also were ignorant of any mistake in the description, and bid upon the lots and purchased the same, supposing that they were purchasing, and intending only to purchase the lots which had been attached at their instance to secure such judgment as they might recover against Lay.   The ten lots attached belonged to Lay, but according to the description contained in the notice of sale he had no manner of title or claim to eight of the lots actually sold.

The error in the description appears not to have been discovered until after the Plaintiffs' judgment had been entered

satisfied of record, and until after other, but subsequent judgment creditors, relying upon the payment of the Plaintiffs' prior lien, had sold certain other real estate of said Lay to satisfy their claims. The Plaintiffs then brought their action for relief, setting forth the mistake of fact under which they purchased, and alleging the insolvency of Lay.

The Court found the facts substantially as above stated, and granted the relief prayed for, but without prejudice to sales made on other judgments, on the faith of the Plaintiffs' judgment being satisfied.

We think that the Plaintiffs were entitled to the relief granted. They purchased the property under a mistake of a fact, which was material to their contract, and the main efficient cause of their purchase. They had the first lien upon the property attached, and ought not to be deprived of it without payment, unless it becomes necessary for the protection of parties having equal or superior equities. To restore the Plaintiffs to their rights does not prejudice junior judgment creditors, for the liens of the latter were, from the first, subject to the Plaintiffs' lien. They are not therefore considered merely in the light of creditors deprived by the judgment of the Court below, of any right to which they had entitled themselves,—they are merely prevented taking advantage of a mistake for which perhaps the Sheriff alone is responsible; for as it was the duty of the Sheriff to satisfy the judgment out of the property attached, the Plaintiffs might reasonably believe that he would not, in the first instance, attempt to sell any other. The decree simply restores the parties to the same condition in which they were prior to the sale, at the same time protecting all who have acquired rights by purchases made on the faith of the Plaintiffs' judgment being satisfied of record. This, it appears to us, protects all who have shown themselves entitled to protection; and as to the others, as they are in the same condition that they would have been in had no sale taken place, they can lose nothing and ought not to expect that a Court, in the exercise of its chancery powers, would inflict a loss upon the Plaintiffs for their especial benefit.

Judgment affirmed.