JAMES C. JOHNSON, plaintiff in error, vs. JOHN J. ALLEN, defendant in error.

The judgment of the Court in continuing or dissolving an injunction, on the coming in of an answer, will not be controlled, except in a case of manifest abuse of discretion.

In Equity. In Bibb Superior Court. Motion to Dissolve Injunction. Decided by Judge COLE. At Chambers. October, 1866.

In September, 1866, Johnson, the plaintiff in error, filed his bill against Allen, alleging that Allen was guardian of the complainant's wife, and, as such, largely indebted to the complainant in right of his wife; that the parties submitted the matter to arbitrators, who, in August, 1866, awarded to the complainant $3.547.53; that complainant was only awaiting the sitting of the Superior Court to have the award entered and made the judgment of said Court; that the securities to the bond of the defendant as guardian were insolvent; and that defendant, for the purpose of defrauding complainant and to prevent him from realizing the award, was, as complainant was informed and believed, attempting to sell and dispose of his plantation, crops, and stock, the

same being about his entire property, and that he would suc-
ceed in this fraudulent design if not restrained by a Court
of Equity.

The bill prayed for an injunction restraining the defendant
"from selling or disposing of his property or any part
thereof" until the further order of the Court.

The injunction was granted.

The defendant answered the bill, and moved to dissolve
the injunction.

The answer admitted the rendering of the award, but al-
leged that it was fraudulent, specifying in what the fraud
consisted, and praying that the award be set aside. It de-
nied that the defendant's real indebtedness to complainant
was more than $1,700.00. It admitted that early in the
year, and up to about the first of March, the defendant had
offered his property for sale, but with the sole and avowed
view of paying all his debts, this one included, if the amount
thereof could be agreed upon. It stated that since about
the first of March, the intention to sell had been abandoned;
and that since the submission to arbitration, the defendant
had made no offer of sale, nor had such intention.

The Judge dissolved the injunction, holding that there
was no equity in the bill, or if any, that it had been sworn
off by the answer.

This is complained of as error.

Poe, for plaintiff in error.

Whittle, for defendant.

Walker, J.

The judgment in this case is affirmed, because there is no
such abuse of the discretion of the Court below as to re-
quire this Court to interfere. The continuing or dissolving
an injunction, on the coming in of the answer, is for the

sound discretion of the Court below, and this Court will not control this exercise of this discretion, except in a case of manifest abuse.

Judgment affirmed.