THE COUNTY OF DES MOINES, FOR THE USE OF, ETC. v.
HARKER *et al.*

1. Statute of limitation: DOES NOT RUN AGAINST THE STATE: SCHOOL
   FUND. The statute of limitations does not run against the State.
2. —— Section 2750 of the Revision, which provides that the limita-
   tions provided for shall be applicable to all actions brought by or
   against all bodies corporate and politic, except when otherwise ex-
   pressly declared, does not change the rule. The words " bodies cor-
   porate and politic" are held not to include the State.
3. —— But if it were doubtful whether the State was intended to be
   included in the words used, the doubt should be solved in favor of
   the State.
4. —— An action brought in the name of a county for the use of, and
   to recover money belonging to, the school fund, is, in effect, an action
   by the State, and hence is not barred by the lapse of the statutory
   period applicable to other actions.

*Appeal from Des Moines Circuit Court.*

FRIDAY, MARCH 29.

THIS action was commenced October 15, 1870, to fore-
close a mortgage, executed May 11, 1848, to the school
fund commissioner of Des Moines county, by A. E.
Harker and wife, on lot No. 150, in the city of Burling-
ton; given to secure a note for $300, money loaned by
said commissioner to said Harker, due May 11, 1851, with
ten per cent interest; judgment was asked for the $300,
with interest from January 1, 1869. Subsequent pur-
chasers, having interests in the lot, were made parties
defendants. They answered, by pleading the statute of
limitations. Plaintiff demurred thereto. The court over-
ruled the demurrer, and plaintiff appeals.

*Frank Springer* for the appellant.

*Newman & Blake* and *Halls & Baldwin* for the
appellees.

COLE, J. — This case has been presented with such ability and manifest research, as justifies special notice and commendation. Two questions are discussed: First, Whether the amendment to our statute of limitations (Laws of 1862, chapter 148), which enacts that "lapse of time shall, in no case, bar any action brought or to be brought, on any contract for any part of the school fund; nor shall such lapse of time prevent the introduction of evidence in any such action, any thing in chapter 116 of the Revision of 1860 to the contrary notwithstanding," can be held to so operate as to remove the bar of the statute which had become complete when the act was passed? We do not propose to discuss or determine this question.

The second question is, whether this action, it being for the recovery of school-fund money, is an action by the State, in such a sense as that the statute of limitations will not apply to it? For, we do not understand counsel upon either side to controvert the propositions that a statute of limitations will not apply to the State unless expressly so stated in it, following the common-law maxim, "*nullum tempus occurrit regi*." We are, by no means, free from doubt on the question; but it seems to be our better judgment, and we so hold, that this action, being for the recovery of school-fund money, is an action by the State in effect. The grant of the lands, etc., out of which this school fund has been realized, was *to the State*. See acts for admission of Iowa, etc., Rev. of 1860, p. 967, § 6. The State has recognized its right to the fund, and has solemnly pledged itself to maintain it intact and inviolate for the purpose to which it has been dedicated. Const. of Iowa, 1846, art. 9, § 2; id. 1857, art. 7, § 3, and art. 9, §§ 1 and 6. The fact that the State has constituted certain of its officers, as its agents for the management of the school fund, does not, by any means, tend to negative the ownership of the State, but rather to establish it. Nor does the fact that by legislative enactment, such agents or the

counties of which they are officers, are made liable for losses of the fund, in any way militate against the ownership of the State, but it rather shows a purpose to protect itself from damage by losses to the fund which the State has pledged itself to make good.

In other words, it seems to us that the State has the legal title and right to the school fund, that the agents it has, by law, constituted with a view to the successful management of the money and the accommodation of the people of the whole State therewith and thereby, are, in no proper sense, the owners of the money or parties in interest in the actions, although, by statute, the actions may be brought in the names of such agents. The term " school fund " is but a name whereby to designate certain moneys; it has no existence as a corporation or individuality. The State being the legal owner of the school fund, and by the constitution pledged to keep it good against all losses, it is but just, that in controversies concerning it the State should have the benefit of the rules of law attaching to its sovereignty.

Our statute of limitations, among other things, provides, (Rev., § 2750 [1869]): "The above limitations and provisions shall not apply to evidences of debt intended to circulate as money, but shall in other respects be applicable to all actions brought by or against all bodies, corporate and politic, except when otherwise expressly declared." There are subjects to which this statute can be applied in all its language and force, without including the State. The legislature does not, when prescribing a rule for the State, call it a " body politic and corporate." It is not probable such a designation can be found in the entire history of our legislation. Even if there was a doubt whether the State was intended to be included in the language of the statute, that doubt should be resolved in favor of the State. *Minturn* v. *Lane*, 23 How. (U. S.) 435. See, also, upon this point, *State* v. *Garland*, 7 Ired. 48; *City of Pella* v.

*Scholte*, 24 Iowa, 283 (*i. e.*), 298; *Hall* v. *Byrne*, 1 Scam. 140. We conclude, therefore, that this section of our statute does not have the effect of making our general statute of limitations apply to actions by the State.

Since the action is prosecuted in behalf of the State, and our statute of limitations does not apply to such actions, the demurrer should have been sustained.

Reversed.