## BARTHELL v. RODERICK *et al.*

34 517
142 424

Judgment: CORRECTION OF: EQUITY. Where the judgment in an action on a promissory note has been rendered for too small an amount, by reason of a mistake of the plaintiff's attorney in calculating the sum due and claimed in the petition, equity will correct the mistake in a proceeding therefor.

*Appeal from Alamakee District Court.*

THURSDAY, JULY 25.

PETITION in equity to correct the amount of a judgment entered through mistake of plaintiff's attorney. Demurrer to petition overruled. Defendants appeal.

*Granger & Stilwell* for the appellants.

*George B. Edmunds* for the appellee.

MILLER, J. — The petition alleges that at the June term, 1869, of the district court, the plaintiff obtained judgment against the defendants by default, on a promissory note executed by them to the plaintiff or order, for the sum of $425, with ten per cent interest, to be paid annually, dated March 24, 1866, and payable three years after date; that the attorney of plaintiff, in computing the interest due on said note, by mistake computed the amount to be due thereon at the sum of $519.73, and claimed only that amount as due, and that judgment was rendered for that sum and costs; that defendants stayed said judgment one year, under the statute, and on the 2d day of March, 1870, they paid on said judgment, $325, on the 14th of June, 1870, the sum of $100, and on the 29th day of March, 1871, the further sum of $152.91, making in the aggregate the amount appearing to be due on the face of the judgment, and satisfaction was thereupon entered; that this is all that has ever been paid on said notes; that after the payment of the judgment the plaintiff discovered that there was a mistake in the amount of the judgment, and that there is yet due on said note the sum of $67.78; that since the discovery of the mistake and before the com-

mencement of the action, the plaintiff caused the defendants' to be notified of the mistake, and requested them to consent to a correction of the judgment, or pay the same without costs, all of which they refused.

A correction of the mistake is prayed.

To this petition defendants demurred on the ground that the petition does not state facts constituting a cause of action, and that it states facts avoiding the action. The demurrer being overruled, defendants stood thereon and judgment was rendered as prayed in the petition, from which they appeal, and assign this ruling of the court as error.

It is insisted by appellants' counsel that the petition, on its face, shows that the mistake was the result of the negligence of plaintiff's attorney, and that, therefore, the relief prayed should not be granted.

It is well settled that a court of equity will not grant relief against a verdict or judgment which was the result of the party's own negligence. *Johnson* v. *Lyon*, 14 Iowa, 434, and cases cited; *Humphrey* v. *Darlington*, 15 id. 207; *Richards* v. *Nuckolls*, 19 id. 555. But does it appear, from the face of the petition, that such was the fact in this case? It is alleged that through the mistake of plaintiff's attorney, in calculating the amount due on the note, the amount inserted in the plaintiff's petition was less than the amount really due, and that the judgment was accordingly too small. The allegation is, that this was the result of mistake. The demurrer admits the allegation to be true.

But it is argued that the attorney had the note before him, and that to make such a mistake conclusively establishes negligence. We think not. The most careful and expert calculators sometimes make like mistakes. Negligence is the want of ordinary care and prudence. *Perry* v. *Martin*, 4 Johns. Ch. 566. The law does not exact the highest degree of care, or such a degree of care as will

render mistakes impossible. Ordinary and reasonable care is all that is required. The petition alleges a mistake in calculation.

Such a mistake is consistent with ordinary and reasonable care; or it might have been the result of negligence, but that it was so should have been raised by answer, and will not be presumed on demurrer.

That mistakes in judgments may be corrected in equity, after satisfaction entered, see *Partridge* v. *Harrow*, 27 Iowa, 96; Willard's Eq. Jur. 78, 79. In *Millspaugh* v. *McBride*, 7 Paige's Ch. 509, it was held that, after a regular decree by default in chancery had been enrolled, and after a sale thereunder by a master, the plaintiff being the purchaser of the premises, the decree might be opened, and the defendant allowed to defend on the merits, when he had been deprived of making such defense by accident or mistake.

In this case, as in that, no new rights have intervened, and the party injured is still entitled to be relieved from the consequences of the mistake, though the judgment had been satisfied.

Affirmed.