### KELLOGG ET AL v. DECATUR COUNTY ET AL.

1. **School Fund:** FORECLOSURE: SALE: MISTAKE. Where in the foreclosure of a school fund contract upon which one-fourth has been paid, but a small fraction of the land was described in the execution through mistake of the clerk, and the same is bid off by the county for the whole judgment, in the belief that the entire tract is being sold: *Held*, that the county cannot be compelled by mandamus to issue to the original purchaser a paid up certificate for the land not sold at the judicial sale.

2. ———: STATUTE OF LIMITATIONS. In matters pertaining to the school fund, the statute of limitations does not run against the county.

3. ———: MISTAKE: RE-SALE. Where a mistake has occured in the description, by which the county has purchased but one-fourth of a tract described in a school fund contract, bidding therefor the amount of the entire judgment, a re-sale will be ordered.

*Appeal from Decatur District Court.*

MONDAY, JUNE 15.

PLAINTIFFS allege that they are children of O. N. Kellogg who died in 1855. That in October, 1854, O. N. Kellogg purchased of Decatur county the N $\frac{1}{2}$ and SW $\frac{1}{4}$ and NW $\frac{1}{4}$ SE $\frac{1}{4}$ of section 8, township 70, range 26, being 520 acres, paying at the time $165, and securing the balance, $495, by note due in ten years with interest at ten per cent. That the defendant, Decatur county, elected to treat the contract as a mortgage, and obtained a decree of foreclosure of the same on the 11th day of October, 1863.

That on the 18th day of November 1863, the sheriff of said county sold the N $\frac{1}{2}$ SW $\frac{1}{4}$ and NW $\frac{1}{4}$ SE $\frac{1}{4}$ of said section to the

State of Iowa for $720, the full amount of said judgment, and executed to the State a deed therefor, and returned the execution satisfied.

That at the April term, 1872, of the Board of Supervisors of said county, petitioners applied for a paid up certificate for the remaining part of said land, to-wit: N ½, and S ½ SW ¼, section 8, township 70, range 26, 400 acres, and that the board rejected the claim. Petitioners pray a writ of mandamus, compelling defendants to issue said paid up certificate.

The defendants allege, for answer, that the Clerk, in issuing the execution, omitted therefrom, by mistake, the lands for which plaintiffs claim a paid up certificate, and that defendants bid the whole amount of the judgment, under the mistake that the order of sale included all the lands in the contract, and defendants did not discover the mistake till after plaintiffs filed their application for the paid up certificate mentioned.

Defendants pray that the mistake be corrected, that the sale be set aside, and a new sale ordered on the judgment.

On defendant's motion the cause was transferred to the equity docket.

The court dismissed plaintiff's petition, and defendants' cross-petition. Both parties excepted. Plaintiffs alone appeal. The lands are school lands, and the contract was made with the school fund commissioner.

*J. W. Penney*, for appellants.

*Morrison & Robb*, for appellees.

DAY, J.—The mistake is clearly established. Plaintiffs' ancestor contracted for 520 acres, paying $165 down, and executed his note for $495, which was just ten dollars on the entire tract more than one dollar and a quarter an acre. The contract was foreclosed, and a special execution was directed to issue against all the land, described in the decree as the N ½ and the SW ¼ and the NW ¼ SE ¼ of the section.

1. SCHOOL FUND: foreclosure and sale: mistake.

In carrying the judgment from the court record to the judgment docket, the Clerk entered the land as the N ½ SW ¼

and the NW ¼ SE ¼ of the section, being 120 acres instead of 520 acres. The same mistake was carried into the execution and the subsequent proceedings.

The land was bidden off in the name of the State for the whole amount of the judgment, $720. The evidence shows that the land was worth not more than $1.50 an acre. The evidence satisfies us that the county did not intend to pay $6 an acre for land that was worth but one-fourth that sum, and which the county had sold for $1.25 an acre.

If plaintiffs should succeed, they would get the lands for less than one-third what their ancestor agreed to pay for them, and this, notwithstanding his failure to comply with the terms of his contract with the county.

Plaintiffs' claim is unjust and inequitable and has no support in law. It is intimated in the argument of appellant 2 ——: statute of limitations. that defendants cannot avail themselves of the mistake, because of the statute of limitations. Revision, § 2740, paragraph 3. We have held, however, that the statute of limitations does not apply to a case such as this. *Nullum tempus occurrit regi. The County of Des Moines, for the use of etc., v. Harker,* 34 Iowa, 84.

The petition for mandamus was properly dismissed.

Inasmuch, however, as the estate of O. N. Kellogg may have been prejudiced by the sale, on account of the mistake 3. ——: mistake : re-sale. alluded to, and to the end that complete justice may be done, the sale and satisfaction of judgment will be set aside, and a re-sale of the entire premises ordered. Upon the re-sale the entire premises will be put up upon the bid of the county of the judgment, interest and costs, and if no more is offered, the same shall again be sold to the county, and satisfaction of the judgment entered.

The appellants will pay the cost of appeal. Thus modified, the judgment is

AFFIRMED.