FUSON v. THE CONNECTICUT GENERAL LIFE INS. CO. ET AL.

1. **Judicial Sale**: MISTAKE IN BID: INJUNCTION. Where, at a sale of lands under a special execution, the agent of the creditor by mistake exceeded his instructions, and bid more for the property than he was authorized to pay, it was held competent for him to withdraw the bid by paying the costs, and that an injunction restraining the officer from again offering the property for sale under the execution was erroneously granted.

*Appeal from an order granting an injunction by Hon. J. R. Reed, District Judge.*

TUESDAY, JUNE 8.

THE action was brought to obtain an injunction to restrain a sheriff's sale. The ground upon which the injunction is sought is that the property had already been offered upon execution and bid in by the defendant company, and that the company should be bound by such bid, and not be allowed to cause the property to be offered again for the same debt.

The application for the injunction was resisted upon the ground that the agent of the company in bidding at the sale exceeded his authority by mistake, bidding more than he was authorized to bid, and more in the aggregate than he intended

to bid, and that upon discovering his mistake he withdrew his bid, and the company paid the costs of the sale.

The judge granted the injunction restraining the defendants from offering the property upon execution again, and the defendants appeal.

*L. W. Ross*, for appellants.

*Curtis & Wedgewood*, for appellee.

ADAMS, CH. J.—It is insisted by the plaintiff that the injunction having been granted, it should be allowed to stand until the final hearing, and the case is determined upon its merits. The granting, as well as the dissolving, of an injunction rests much in the discretion of the court, and such discretion will not be controlled by the appellate court, except where there is a manifest abuse af discretion, or mistake of law. Hilliard on Injunctions, page 107; *Johnson v. Allen*, 35 Ga., 252; *Howell v. Lee*, 36 Ga., 76; *De Godey v. De Godey*, 37 Cal., 157.

1. JUDICIAL sale : mistake in bid : injunction.

In the case at bar the essential facts are simple and undisputed. Whatever question is involved in the case is a question of law, and may as well be determined now as later.

The essential and undisputed facts are as follows: On the 12th day of November, 1879, the defendant company, holding a special execution against the plaintiff, caused the same to be levied upon the land described therein; to-wit, six tracts of forty acres each in Cass county.

On the 13th day of December, 1879, the land was offered under the execution for sale. One Churchill was instructed by the defendant company to bid off the same for the amount of the debt, which was then $3,726.74. In the letter of instruction occurs this sentence: "The one-fourth of $3,726,74 is $931.68." This was evidently said upon the supposition that there were only four forty-acre tracts, and that the bid should amount upon the average to $931.68 upon each tract. But Churchill was not instructed to bid that amount upon

each tract. He did, however, bid upon the average that amount, and bid in the aggregate $5,590.08. Immediately discovering that he had exceeded his instructions, and bid largely in excess of the debt, he withdrew his bid, and the sheriff made a return of the facts, and also that he had elected to treat the sale as a nullity, and had advertised the property again. Upon the four forties thus sold Churchill had bid enough to amount to the debt, lacking two cents, which sum the execution debtor tendered, and insisted that by the sale of those four tracts, and by the tender of the two cents, the judgment had become satisfied.

It appears, further, that there was some competition at the sale, and the plaintiff insists that it would be a hardship if the sale could be treated as a nullity, and the property offered again when there might be less competition, and the property sold for less.

It is certainly not the execution plaintiff's right, in the absence of mistake or any special circumstances, to withdraw his bid, and merely because he concludes that he has bid too much for the property. He cannot be allowed to experiment by causing successive sales to be made. On the other hand it appears to us that where an agent has exceeded his instructions, as in this case, and especially where he has done so by mistake, he should be allowed to withdraw his bid if done promptly, and the execution plaintiff pays the costs. The danger that the property when offered again may not be fairly sold is not so great as to outweigh the consideration that the execution debtor ought not to be allowed to insist upon an unauthorized act of the agent, and for the purpose of gaining the benefit of a mistake. The execution debtor has not changed his position by reason of the sale, and we are unable to discover any such equity upon his part as to justify us in holding that the defendant company was bound by the sale.

It appears to us that the court erred in granting the injunction restraining the second sale, and the judgment must be

REVERSED.