# APPENDIX

## NOTES OF CASES NOT OTHERWISE REPORTED

ELIZABETH HARRINGTON, Appellant, v. THE FIDELITY LOAN & TRUST COMPANY et al. and J. J. JOHNSON.

FORECLOSURE DECREE. Notice of sale covered but a small part of land mortgaged and decreed sold. Sale set aside and new sale ordered at cost of mortgagee. Mortgagee can't complain.

*Appeal from Cherokee District Court.*—HON. GEORGE W. WAKEFIELD, Judge.

TUESDAY, MAY 15, 1894.

THIS is a suit in equity to quiet the title of the plaintiff in certain real estate. The defendants answered the petition, and there was a hearing on the merits, and a decree in favor of the plaintiff, from which she appeals, for the reason that the decree does not grant the relief she demanded.—*Affirmed.*

*E. C. Herrick* and *G. T. Foster* for appellant.

*Wm. Milchrist* and *A. R. Molyneux* for appellees.

ROTHROCK, J.—It appears from the record and evidence in the case that in October, 1889, the defendant Fidelity Loan & Trust Company obtained a decree in the court below foreclosing a mortgage executed by plaintiff and her husband upon the east half of the northwest one fourth and the northeast one fourth of the southwest one fourth and the northwest one fourth of the southeast one fourth of section 25, township 92, in Cherokee county. The decree was in proper form, and correctly described the land included in the mortgage, and no complaint is made in argument by counsel that said decree was not binding on the plaintiff as a foreclosure of the mortgage. A special execution was issued on said decree, and by mistake the land was described in the execution as follows: "The east half of the northwest quarter *of* the northeast quarter of the southwest quarter," etc. It will be observed that by the insertion of the word "of" instead of "and,"

(703)

the execution on its face described but forty-five acres of the one hundred and sixty acres included in the mortgage and decree. All of the land described in the mortgage and decree was actually sold to the mortgagee by the sheriff in satisfaction of the amount due as found by the decree; but the mistake in the description was carried into the notices of sale and the sheriff's return of the execution, and in the sheriff's sale certificate. The mistake was first discovered by the attorney of the mortgagee, when the certificate was sent to him by the sheriff. The certificate was returned to the sheriff, whereupon the mistake was corrected in the execution, certificate, and return of sale so as to conform to the decree and sale as actually made. The claim of the plaintiff is that the correction of the mistake is void, and that, as but forty-five acres were described in the execution and other proceedings after that, the decree is satisfied and extinguished, and that she is entitled to a decree for the one hundred and fifteen acres, clear and free from the mortgage debt. The evidence shows that the amount of the mortgage debt and interest and costs very nearly equals the value of all of the land. The district court, by its decree, set aside the sheriff's sale and deeds made in pursuance thereof, and ordered that another special execution be issued on the decree of foreclosure, and that the Fidelity Loan & Trust Company should pay the costs of the sale so set aside and of this action.

The case demands very brief consideration. The defendants do not appeal, and it is unnecessary to determine whether, under the facts, the sale and deeds should have been sustained. It is very plain that the plaintiff has no just ground of complaint against the decree. As we have said, the mortgage debt is about equal to the value of the land. Plaintiff has not been disturbed in her possession, and she can not be allowed to avoid the payment of the greater part of an honest debt by the merest technicality. Something is said in argument to the effect that the relief granted is not consistent with the issues in the case. A ready answer to this claim is that both parties prayed for general equitable relief, and the decree gives to the plaintiff all of the relief to which she could, in any view of the case, be entitled. There is no equity in the claim of the plaintiff to have the title quieted, and the decree of the district court is AFFIRMED.