### 9215

### BONHAM v. CAVE *ET AL.*

(86 S. E. 681.)

JUDICIAL SALES—MISTAKE—RELIEF.—Where the attorney for a creditor
is accidentally led into a mistake by erroneous information uninten-
tionally given by the officer making a judicial sale, and thereby led
to forbear bidding on the property, and in consequence the property
is sold for much less than its fair market value, to the prejudice of
the creditor, the sale will be set aside, and a resale ordered.

Before RICE, J., Barnwell, July, 1914. Reversed.

Rule to show cause, issued at instance of Daisy A. Bon-
ham, judgment creditor, against W. L. Case, as purchaser at
a judicial sale, to show cause why the sale should not be
vacated and set aside, and a resale ordered. The facts are

FOOTNOTE.—See note in 42 L. R. A. (N. S.) 1211, as to statements and
conduct of officers conducting judicial sale, as a ground for vacating it.

stated in the opinion. From order refusing motion, the plaintiff appeals.

*Messrs. Bates & Simms,* for appellant, cite: 2 McC. 450; 34 S. C. 330; 69 S. C. 143.

*Messrs. V. S. Owens* and *Jas. E. Davis,* for respondent. The former cites: 83 S. C. 65; 35 S. C. 416; 14 S. C. 153. *Policy with regard to judicial sales:* 18 S. C. 126; 23 S. C. 502; 16 S. C. 231; 88 S. C. 333; 35 S. C. 416. *Mistake:* 88 S. C. 341; Bailey Eq. 13; 69 S. C. 143; 24 Cyc. 42; 1 Bush (Ky.) 161; 29 N. J. Eq. 196; 29 Gratt. 347; 83 Va. 331; 2 S. E. 283; 8 Ala. 876; 17 A. & E. Enc. of L. (2d ed.) 497-499.

October 20, 1915.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

The record contains the following "statement" of facts: "On the 6th of February, 1911, the petitioner, Daisy A. Bonham, sold to the defendant, Marcella Cave, a certain tract of land, being her proportionate part of the estate of Aldrich, near Barnwell, containing one hundred (100) acres, more or less, for the sum and price of four thousand ($4,000) dollars, and the said Marcella Cave paid one thousand dollars, cash, and executed and delivered to Mrs. Bonham her certain bond and mortgage, bearing said date, in the sum of thirty-five hundred ($3,500) dollars in three equal annual installments, of $1,166.67 each, representing the balance of purchase money of said premises.

Mrs. Cave, having defaulted in the first payment when due, suit for foreclosure was instituted against her and a decree entered in favor of Mrs. Bonham on December 16, 1912, for the sum of $3,954.53, representing the principal, interest, attorneys' fees and taxes; and a sale of the land was ordered for sales day in January, 1913.

On the morning of the said sales day, Mr. Bates, of the firm of Bates & Simms, attended the sale, at the request of Mr. Simms, who was engaged otherwise in his office; and not being familiar with the matter, he was instructed to and did call upon the master to obtain the amount of the judgment, in order to be advised as to the amount necessary to be bid to cover the decree in foreclosure. Mr. Simms did not attend the sale, but after it had occurred, upon inquiry of Mr. Bates, as to the amount for which he had bid it in, was informed that he had not bid it in, because it had brought more than the amount of the mortgage indebtedness, namely, twenty-five hundred dollars; whereupon, Mr. Simms at once informed him that the amount of the mortgage indebtedness was far in excess of this sum, and Mr. Simms called upon the master and stopped the execution and delivery of the deed, because of the said mistake."

On motion of Mrs. Bonham, a rule was issued and served upon the purchaser, requiring him to show cause why the sale should not be set aside on account of the mistake, and a resale ordered, the master being enjoined, in the meantime, from executing a deed to the property, which the purchaser had demanded, after tender of the amount of his bid.

The testimony of Messrs. Bates & Simms, the attorneys who represented Mrs. Bonham in the action for foreclosure and at the sale, showed that, up to the day of sale, the action for foreclosure was attended to solely by Mr. Simms, and that Mr. Bates knew nothing about it, except that such an action was pending; that when it was ascertained that Mr. Simms could not attend the sale, and requested Mr. Bates to do so, and make the property bring enough to pay the judgment and costs, Mr. Bates, not being able to get the necessary information from Mr. Simms, went to the office of the master to get it. He says positively that the master told him the amount of the judgment was for $1,179.37 (which, however, was only the first installment), and also gave him a statement of all the items of costs, except the master's com-

missions, which, of course, were uncertain, depending on the amount of the sale. Mr. Bates put down the figures on a sheet of paper, and also like figures given him by the master in other cases in which sales were to be made, and in which his firm was interested to make the property sold bring enough to protect their clients, and this paper was introduced in evidence. The figures in this case aggregated $1,215.37, and Mr. Bates ran the property up to $1,300, saying that he felt sure that amount would pay the judgment and all costs, including the master's commissions; and that, if he had been correctly informed as to the judgment, he would have run it up to the full amount of the judgment and costs.

The mistake was clearly proved, and the Circuit Court found that the master unintentionally gave Mr. Bates the erroneous figures, but held that the sale should not be set aside because there was no evidence that plaintiff would suffer injury by its consummation, as there was no evidence that the land was worth more than $2,500, the amount of respondent's bid.

We do not know what was before the Circuit Court, upon its consideration of the case, except from what appears in the "case," as prepared for hearing the appeal in this Court. But it will be seen from the "statement" in the "case," the relevant part of which is copied at the head of this opinion, that there was evidence that the land was worth $4,000, because it was actually sold for that amount in 1911, $1,000 of the purchase price being paid in cash. As held in numerous decisions, we are bound to go by the "case," and to assume that it correctly shows what was before the Court below. It appears, therefore, the conclusion of the Court was based upon an erroneous assumption of fact.

No doubt the rule is that inadequacy of price, unless it is so gross as to shock the conscience, or accompanied by other circumstances warranting the interference of the Court, is not enough to move the Court to set aside a sale fairly made. But all the cases recognize the principle that where a party

in interest has been misled to his detriment by the officer making the sale, through no fault of his own, relief may be had.   Ordinarily, however, it will not be granted for such mistakes or errors of judgment, unless they have been caused or contributed to by the officer making the sale, or the purchaser.   It is also true that it is the policy of the law to sustain judicial sales fairly made—a wholesome rule whch should be firmly adhered to.   The views of the writer of this opinion upon this subject were more fully set forth in *Farrow* v. *Farrow,* 88 S. C. 342, 70 S. E. 459, and need not be repeated here.   In that case and in the cases therein cited, which are relied upon by respondent to sustain the judgment below, the facts were very different.   The grounds relied upon to set aside the sales were the alleged mistakes or errors of judgment of intending bidders, but in none of them were these alleged mistakes or errors of judgment caused or contributed to by the officer making the sale—a circumstance adverted to in the decisions.   While in this case, it was clearly shown, and so found by the Circuit Court, that the mistake of plaintiff's attorney was caused, or at least contributed to, by the officer who made the sale.   It gives us pleasure to say that the well known character and reputation of that officer makes it unnecessary to add that the erroneous information given by him to Mr. Bates was wholly accidental and unintentional.   The facts and circumstances, however, entitled plaintiff to the relief which she sought.

    Judgment reversed.