No. 19,842.

CHRISTIAN ANSCHUTZ V. FREDERICK STEINWAND and MAR-
GARET STEINWAND, *Appellants,* and HENRY EBEL, *Appellee,*
et al.

### SYLLABUS BY THE COURT.

EXECUTION SALE—*Mistake by Plaintiff's Attorney—Sale Properly Set
Aside.* Evidence that a client authorized his attorney to bid for him
at a sheriff's sale $300 for a tract of land, subject to a mortgage of
$1100, and that the attorney telegraphed an offer of $300 "over" the
mortgage, warrants a district court, in the exercise of a sound dis-
cretion, and to promote substantial justice, in setting aside a sale re-
turned as having been made for $1400.

Appeal from Logan district court; JACOB C. RUPPENTHAL,
judge. Opinion filed January 8, 1916. Affirmed.

*C. A. Spencer,* of Oakley, for the appellants.
*George W. Holland,* of Russell, for the appellee.

The opinion of the court was delivered by

MASON, J.: In October, 1912, Henry Ebel obtained in the
district court of Logan county personal judgments, for $2237.20
and $803.06, against Frederick and Margaret Steinwand, which
were decreed to constitute a first lien against the northwest
quarter of one section of land, and a second lien against the
southwest quarter of another. An order of sale was issued
on which a sale was made on October 24, 1913. The sheriff's
return showed the sale of both tracts to Ebel, the northwest
quarter for $2100, and the southwest for $1400. On April
30, 1914, on Ebel's motion an order was made confirming the
sale. On July 6, 1914, Ebel filed a motion asking that the
order of confirmation and the sale be set aside. This motion
was heard on the same day, and allowed. From this order
the Steinwands appeal.

The terms of court in Logan county begin on the fourth
Tuesdays of April and October. (Laws 1913, ch. 175, § 1.)
The decree of confirmation was therefore set aside at the same
term at which it was rendered. The court consequently had
a wide discretion in determining whether the matter should be
reopened. (*Hemme v. School District,* 30 Kan. 377, 1 Pac.

104.) Its decision that there should be a further inquiry is not open to review, and the question before us is whether error was committed in the final refusal to confirm the sale.

Evidence was given to this effect: Ebel's attorney had instructions from his client to bid $300 for the southwest quarter, subject to a prior mortgage for $1100; he telegraphed to the sheriff authorizing a bid of $300 "over" the first mortgage, using the quoted word erroneously for "subject to." The appellants contend that the evidence was not admissible to impeach the return of the sheriff. The rule that the return of a sheriff is conclusive upon the parties does not prevent its being amended upon a proper showing (*Stetson v. Freeman,* 35 Kan. 523, 11 Pac. 431), and the proceedings had in the district court may perhaps be regarded as having substantially that effect. But apart from that, under the present statute a sale may be set aside, although regularly made in accordance with law, upon equitable grounds. (*Bank v. Murray,* 84 Kan. 524, 114 Pac. 847.) The court, having found that the appellee's bid, even if it must be regarded as having been made as shown by the return, was the result of inadvertence or mistake, was authorized, in the exercise of a sound discretion and to promote substantial justice, to set the sale aside. (24 Cyc. 31; 25 A. & E. Encycl. of L. 785.)

Ebel asked to have the sale set aside as to the southwest quarter, expressing his willingness that as to the other quarter it should stand or be set aside as the court should prefer. Doubtless the whole sale was set aside on the theory that if one tract was to be again offered, both should be. We do not understand that the appellants object to this feature of the order.

The judgment is affirmed.