EQUITABLE LIFE INSURANCE COMPANY OF IOWA, Appellant, v. HOMER A. CARPENTER et al., Appellees.

**JUDGMENT:** Correction—Erroneous Entry of Amount. The inadvertent entry on the appearance docket of the amount of a judgment, followed by the issuance of an execution in the erroneous amount, sale thereunder, and issuance of sale certificate, must, on proper motion, be corrected by expunging the erroneous entry, recalling the execution, setting aside the sale, and canceling the certificate, no rights of third parties having intervened. (See Book of Anno., Vol. 1, Sec. 10803.)

Headnote 1:  34 C. J. p. 229; 27 Cyc. pp. 1664, 1665, 1714, 1719.

*Appeal from Poweshiek District Court.—*D. W. HAMILTON, Judge.

FEBRUARY 8, 1927.

Action to foreclose a mortgage. There was a decree and a sheriff's sale. Thereafter, the Poweshiek County Savings Bank, a defendant in the foreclosure suit, and, as we understand, a junior mortgagee, filed a motion to discharge the receiver who had been appointed in said cause. The plaintiff resisted the

motion to discharge the receiver, and moved to correct the record as to said judgment and to set aside the said sale. The plaintiff's motion was overruled, the defendant's motion was sustained, and plaintiff appeals.—*Reversed and remanded.*

*Henry & Henry* and *Bechly, McNeil & Scovel,* for appellant.

*Reed & Reed,* for Poweshiek County Savings Bank, appellee.

FAVILLE, J.—I. The appellant held a mortgage given by the appellee Carpenter upon certain real estate in Poweshiek County, and instituted action for the foreclosure of said mortgage. Issue was joined, and on the 30th day of March, 1926, a decree was duly entered in said court, foreclosing said mortgage. The said decree provides in terms for judgment in the sum of $25,985.51 and costs and attorney's fees, and orders a sale of said premises under special execution, and provides for the appointment of a receiver to take charge of said premises. It appears that said decree was duly entered by the clerk of said court in the journal, in the said sum of $25,985.51, with interest and costs. The clerk also entered said judgment upon the appearance docket of said court, but in so doing made an error in the amount of said judgment in the sum of $4,000, and entered the judgment on the appearance docket as being $29,985.51, with interest and costs. On or about the 9th day of April, the clerk issued a special execution for the sale of said described premises, and in so doing, recited in said special execution that judgment had been rendered in said cause for the sum of $29,985.51. The said special execution was placed in the hands of the sheriff, who levied upon the real estate described in said decree of foreclosure. It does not appear that any of the parties to this action had any knowledge of the error that had been made by the clerk in entering said judgment in an erroneous amount on the appearance docket and in said special execution. After the sheriff received the special execution, he received a communication by telephone from appellant's attorney in regard to a bid the appellant might desire to make on said premises, and, under authority from the appellant, the attorney advised the sheriff that the appellant would bid $1,500 less than the amount of judgment, interest, and costs. There is no dispute in the record in

regard to said matter. The sheriff's return of the execution recites that the appellant's bid was the highest and best bid received by him, and that the same was struck off to the appellant as purchaser thereof. The sheriff issued a sheriff's certificate, which also makes the same error, and refers to the judgment as being $29,985.51. This certificate was dated May 10, 1926. No one appears to have discovered the error until June 24, 1926, when the appellee bank filed a motion to discharge the receiver, for the reason that the judgment had been fully paid. Thereupon, the appellant filed a resistance to the discharge of said receiver, and moved the court to correct the record of the judgment entry as it appeared in the records of said court, so that the same would conform with the decree, and appear in said record to be in the sum of $25,985.51, instead of $29,985.51, as shown on certain of said records; and the appellant also moved the court to set aside the said special execution and the sale made thereunder, because of said error, and that a new execution issue for the sale of said real estate for the true and correct amount of said judgment. The appellant also tendered payment of all costs of the erroneous sale, and offered for cancellation the sheriff's certificate. Upon submission of the matter, it was stipulated that the decree and the record thereof in the journal of the court were for said sum of $25,985.51, and that the appearance docket and special execution were for the sum of $29,985.51. The record also, without dispute, showed that the bid of the appellant, as submitted to the sheriff, was $1,500 less than the judgment, interest, and costs. There is no question whatever, under this record, that an obvious mistake was made by the clerk in the entry in the appearance docket and in issuing the special execution. The amount of the judgment recovered in said cause was in fact $25,985.51. There is no controversy at this point. The sole question is as to whether, under these undisputed facts, the court erred in overruling the appellant's motion to correct the record and to set aside the sale, and also in sustaining the appellees' motion to discharge the receiver.

It was clearly the duty of the court to correct the clerical error made by the clerk in the entry of the judgment in the appearance docket. All of the parties to the original proceeding were before the court, and the rights of no third persons had in any way intervened. The error was perfectly obvious, and the

record should have been ordered corrected. *Partridge & Co. v. Harrow,* 27 Iowa 96; *Barthell v. Roderick,* 34 Iowa 517; *Shelley v. Smith,* 50 Iowa 543; *Lambert v. Rice,* 143 Iowa 70.

II. The sheriff's sale was had upon an execution which was clearly erroneous in stating the amount of the judgment. The bid of the appellant was $1,500 less than the amount of the judgment. The true amount of the judgment had been recited in the decree and entered in the journal. There is no claim or pretense in any way that the appellant had any intention of bidding more than the amount of its judgment. Its bid was $1,500 *less* than the judgment, not *more* than the actual judgment. That a court of equity has the power to correct such an obvious error, especially where no interests of third parties are involved, must be apparent. It would be a reproach to the administration of justice if, under such circumstances, no jurisdiction rested in a court of chancery to extend its arm and grant relief in a case of such palpable and uncontroverted error between the original parties. Relief from mistakes of this character has frequently been granted in courts of equity under circumstances no more appealing to the conscience of a chancellor than the facts in the instant case. Each case must be determined, of course, according to the facts of the particular case, but, as bearing upon the power of the court to correct such an error under circumstances somewhat analogous to the situation presented in the instant case, see *Kellogg v. Decatur County,* 38 Iowa 524; *Snyder v. Ives,* 42 Iowa 157; *Fuson v. Connecticut Gen. Life Ins. Co.,* 53 Iowa 609; *Latimer v. Jones,* 55 Iowa 503; *Bay v. Harnett,* 58 Iowa 344; *Harrington v. Fidelity L. & Tr. Co.,* 91 Iowa 703; *Cornoy v. Wetmore,* 101 Iowa 202. The same general rule, under analogous circumstances, has been recognized in other jurisdictions. See *Camp v. Boyd,* 229 U. S. 530 (57 L. Ed. 1317); *Anschutz v. Steinwand,* 97 Kan. 89 (154 Pac. 252); *Bonham v. Cave,* 102 S. C. 308 (86 S. E. 681); *Reed v. Diven,* 7 Ind. 189; *Cummings' Appeal,* 23 Pa. St. 509; *Lay v. Shaubhut,* 6 Minn. 273; *Fisher v. Hersey,* 78 N. Y. 387. The trial court was in error in not setting aside the execution sale and canceling the sheriff's certificate.

III. Full and complete relief in the case also requires the setting aside of the execution that was issued to the sheriff. The same was erroneous, and it should have been vacated and set

aside.   The appellant's motion to correct the record in the clerk's office and to set aside the execution and the sheriff's sale thereunder should have been sustained, and the certificate of sale tendered by the appellant should have been ordered vacated, set aside, canceled, and held for naught.   The appellees' motion to discharge the receiver should have been overruled, the only ground of discharge of the receiver being based upon said sale.   The orders of the district court in both respects are reversed, and the cause is remanded for further proceedings consistent with this opinion.—*Reversed and remanded.*

EVANS, C. J., and STEVENS and VERMILION, JJ., concur.