No. 28,849.

Cora Seal, Edward W. Scott and Arley C. Scott, *Appellants*, v.
Arthur P. Scott and Pearl Scott, *Appellees;* The Prudential
Insurance Company of America, The Davis-Wellcome Mort-
gage Company and Charles W. Johnston, *Defendants.*

(280 Pac. 778.)

Opinion filed October 5, 1929.

*Harold Payne,* of Kinsley, for the appellants.

*Evart Garvin* and *Robert Garvin,* both of St. John, for the appellees.

The opinion of the court was delivered by

Johnston, C. J.: This is an appeal from an order refusing to
confirm a sale. An action for partition of 200 acres of land was
brought by Cora Seal, Edward W. Scott and Arley C. Scott, against
Arthur P. Scott and Pearl Scott, and the Prudential Insurance Com-
pany and the Davis-Wellcome Mortgage Company, which held
mortgages upon the land, were made parties, and later Charles W.
Johnston, a tenant on the land, was made a party. The mortgagees
answered, setting up their mortgages. The Scotts and Mrs. Seal
adjusted their differences in a stipulation that was filed. On April
7, 1928, the court rendered judgment determining the individual in-
terests in the land, about which there is no dispute, and as to the
mortgages it was found that the Prudential Insurance Company
held a mortgage on the premises securing an indebtedness of $2,500
which would not mature until September 10, 1932, and also found
that the interest had been paid to date. It was alleged there was
a mortgage indebtedness to the Davis-Wellcome Mortgage Company
of $29.17. Commissioners were then appointed to appraise the
land. They found that partition could not be made without mani-.
fest injury to the parties, and they appraised one tract of 160 acres
at $8,000 and a forty-acre tract at $2,000, being in the aggregate
$10,000. No reference was made to the mortgages or whether or

not the land was valued subject to the mortgages. The appraisal was approved by the court, without mention of the mortgages, and it ordered that the parties or any of them would be allowed ten days to elect whether they or any of them would take the land at the appraised value. It was further ordered that in the event none of the parties elected to take the land on that basis the sheriff should advertise and sell the land at not less than two-thirds of its appraised value and to bring the proceeds of the sale into court and await its further order. None of the parties elected to take the land at the appraised value. An order of sale was issued directing the sheriff to proceed and sell the land and apply the proceeds as directed by the court. The notice of sale did not refer to the mortgages on the land, but recited that the property had been appraised at a value of $10,000 and could not be sold for less than two-thirds of that valuation. By inadvertence the order of sale did not bear the signature of the clerk or the impression of the seal. On June 25, 1928, the sheriff returned the order of sale, stating the manner of advertising and that he had sold the land on May 26, 1928, to Edward W. Scott and Arley C. Scott, and Cora Seal, for the sum of $5,500, they being the highest and best bidders for the property. It was also recited that on June 25 the purchasers had assigned their bid and purchase to Bryant W. Curtis. On June 26, 1928, the plaintiffs filed a motion asking for the amendment of the sheriff's return showing that the lands were sold to the plaintiffs for the sum of $40 per acre subject to the $2,500 mortgage. The defendants moved the court that the purchasers or their assigns be required to pay into the court $40 per acre, totaling $8,000, or in the alternative that the sale be set aside and the costs taxed against the plaintiff with directions to readvertise and resell the property. The court found that the sale was advertised and conducted in good faith, that it was sold for the aggregate sum of $5,500, subject to a mortgage of $2,500, being the equivalent of $40 an acre, with credit for the assumption of the $2,500 mortgage debt. There was a finding—

"That said real estate had theretofore and to wit: on the 7th day of April, 1928, been appraised by Fritz Schultz, Henry Ellis and L. L. Anderson, the commissioners in partition heretofore appointed by the court, at the aggregate sum of $10,000, without reference to the $2,500 mortgage against the same; and that the amount realized at said sale in cash, to wit: the sum of $5,500, is less than two-thirds of such appraisal value of said real estate."

The court further found that by inadvertence there was an omission in the order of sale of the signature and seal of the clerk. Then followed the holding—

"That the court is not satisfied with the regularity of the proceedings under said order of sale, and finds that it would promote substantial justice to set said sale aside."

Judgment was accordingly entered, and plaintiffs appeal.

The fact that the clerk inadvertently omitted his signature and the stamping of the seal on the order of sale issued by the clerk which he placed in the hands of the sheriff, cannot be regarded as a serious defect and evidently was not so treated by the court. It is manifest that one of the matters which actuated the court in the refusal to confirm the sale was that the property was appraised at $10,000 and that it was sold for $5,500, much less than two-thirds of the appraised valuation. It is argued that as the sale price plus the $2,500 mortgage lien, which the purchasers must assume, totaled $8,000, it was more than two-thirds of the valuation placed on the property by the appraisers, and that the assumption of the mortgage debt not due until 1932 was the equivalent of cash. It is altogether likely that the mortgage debt is of its face value, but what it will be worth in 1932 is a problem. It is not easy to say that it should be treated as the equivalent of cash. The property was appraised as an entirety without mention of the existence of the mortgages against it. The statute provides that in a partition action the court shall make an order directing the sheriff to sell land in the same manner as in sales of real estate on execution. (R. S. 60-2111.) In execution sales it is provided, among other things:

". . . and if any of the lands and tenements of the debtor which may be liable shall be incumbered by mortgage or any other lien or liens, such lands and tenements may be levied upon and appraised and sold subject to such lien or liens, which shall be stated in the appraisement." (R. S. 60-3408.)

There was no mention of the mortgages upon the land in the appraisement made herein and no appraisal of the equity or interest outside of the mortgages. If the appraisers had given the value of the entire property and the valuation of the property less the amount of the mortgages, which the purchaser would assume, and there had been an order of the court that the land might be sold for at least two-thirds of the latter value, an appraisal and sale in compliance with the order might have been confirmed. From the evidence, however, it appears that due in part to the irregularity mentioned there were doubts and confusion among bidders whether the appraisement made was of the equity or whether it was intended by the appraisers that the amounts of the mortgages were to be de-

ducted from the valuation as made. This uncertainty and confusion may have affected the bids so that the property did not bring its market value, and probably led the court to the finding that the setting aside of the sale would promote substantial justice. Enough of irregularity and of uncertainty was shown to warrant the ruling of the court. It evidently was the view of the court that substantial justice required the refusal of confirmation. Under the present statute the court is vested with considerable discretion in confirming and setting aside sales on equitable grounds and may do so even in cases where the proceedings of the sale were regularly taken. (*Bank v. Murray*, 84 Kan. 524, 114 Pac. 847; *Quinton v. Adams*, 87 Kan. 112, 123 Pac. 740; *Anschutz v. Steinwand*, 97 Kan. 89, 154 Pac. 252; *Norris v. Evans*, 102 Kan. 583, 171 Pac. 606.)

We think no material error was committed in the judgment of the court. It is affirmed.