FLOYD COUNTY, Appellee, v. ROBERT RAMSEY et al., Defendants.

W. C. SMITH, Crosspetitioner, v. ROBERT L. LEACH et al, Defendants; H. A. LYNN, Appellant.

No. 40912.

NOVEMBER 25, 1931.

Willoughby, Strack & Sieverding, for appellant.

J. C. Campbell and E. C. Hardwig, for appellee.

MORLING, J.—Personal judgment was entered against appellant, H. A. Lynn, and others, June 1, 1929. They appealed to this Court whereon affirming opinion was filed April 14, 1930. The correctness of the amount of the judgment was not then questioned. Floyd County v. Ramsay, 210 Iowa 1161. On April 26, 1930, plaintiff's attorneys interviewed appellant's attorneys for the purpose of obtaining settlement of the judgment without levying execution. Appellant's attorney testifies that he (appellant's attorney) thought the amount of the judgment was excessive and so expressed himself to plaintiff's attorneys, whereupon, as he testifies, Mr. Campbell, one of plaintiff's attorneys, stated:

"We do not want any more that (than) is rightly owing to the county. We will not deliver the execution of the sheriff today but will take it back to Charles City with us, go over the figures, and if a mistake has been made we will see that it is corrected and the execution issued in the correct amount."

Defendant's attorney testifies that he then believed that

there was an error but not as serious as it proved to be; that he was then preparing a petition for rehearing; and that it was not until shortly before the filing of the petition for nunc pro tunc order that he definitely learned that a mistake had been made. On April 29, 1930, Mr. Campbell wrote the attorneys for appellant Lynn that in checking up on the execution he found that the proper amount was in it and that he had forwarded the execution to the sheriff, asking the sheriff to proceed against the property of Lynn. The sheriff levied upon real property belonging to Lynn and on June 7, 1930, sold it to plaintiff for the full amount of the judgment and costs. On June 30, 1930, Lynn filed this petition for nunc pro tunc order based upon alleged errors in method of computing interest in arriving at the amount of the judgment.

The prayer of this petition is:

"Wherefore this petitioner respectfully prays for a Nunc Pro Tunc Order and Judgment of this Court correcting the error, as herein set forth, in such manner that the unpaid portion of said judgment may be cancelled of record and fully satisfied and that the plaintiff be required to refund to the Clerk of this Court such excess as the plaintiff has received over and above the amount to which it was entitled, with the further order that such excess be refunded by said Clerk to this petitioner."

On July 12, 1930, Lynn filed motion to correct mistake of clerk in computing interest in another respect. Petition for rehearing was overruled at the September Term, 1930, of this Court. It will be noticed that on April 26, 1930, appellant's attorney thought the amount of the judgment was excessive, and he then had more than a month within which to file petition to modify the judgment or motion to correct mistake of the clerk, under Sections 12787, 12791, 12793, and 12794, Code, 1927. It will be noticed that he did not file either application within the year and it was after the expiration of the year that the land was sold. He gives no excuse or reason for the delay. Lynn does not ask that the sale be set aside, or that he be permitted to redeem. He is not asking for equitable relief on equitable terms or offering to do equity. His purpose evidently, as conceded on the oral argument, is to compel the plaintiff

to refund to him in cash the difference between the amount of the judgment as he claims it should have been and the amount of the plaintiff's bid. We have said:

"The authority of the court to remake a record once entered by the proper officer, and especially where that record is duly attested by the admitted signatures of the officer or officers whose duty it is to make the same, is not unlimited. On the contrary, it is very restricted, and entries *nunc pro tunc* will not be ordered except when it can be done without injustice to either party whose rights are thereby affected. Mitchell v. Overman, 103 U. S. 65 (26 L. Ed. 369). The statute permitting the correction of a court record made at a previous term limits the authority to cases of 'evident mistake' (Code section 244); not possible mistake or even probable mistake, but *evident* mistake. That only is 'evident' which is clear, noticeable, apparent to observation, or, to put it in its most favorable form for the appellee, that which is clearly established by the evidence. It would be folly to say that this alleged mistake was evident, or that it has been clearly established by the evidence offered on the hearing below." Hamill v. Brewing Company, 165 Iowa 266, 285.

See, also, 15 C. J. 972; Equitable Life Ins. Co. v. Carpenter, 202 Iowa 1334.

Appellant, according to his own case, before the execution was put in the sheriff's hands and while plaintiff was offering to correct the error, if there was one, believed that there was an error in the amount of the judgment. He knew that the execution was in the sheriff's hands with instructions to collect from his property the full amount of the judgment as entered. He knew that plaintiff had investigated and had found, as plaintiff believed, that the judgment was correct. He must be assumed to have known that according to well-known practice on execution sale the judgment creditor would be quite likely to be a bidder, not for the purpose of purchasing property, but for the purpose of collecting the judgment, particularly as the judgment creditor was a county. Appellant knew that plaintiff desired no more than the correct amount it was entitled to, either in cash or property. Appellant must be presumed to have known that under the statute he would have until June 1,

560

1930, to take proceedings for the correction of the judgment. With this knowledge, appellant acquiesced in the sale of his property for the full amount of the judgment as it was and as plaintiff claimed it should be and in its purchase by the plaintiff for the purpose only of satisfying the judgment, not of paying to appellant money in addition to its judgment. Though the appellant had a plain remedy under the statute, he allowed the time within which to resort to it to expire, and after its expiration, the property to be sold without action. He is seeking to compel the county to pay for his property a sum which, if there was an error in the amount of the judgment, the county did not intend to collect, and which consequently the county never intended to pay for the property. The appellant is guilty of inexcusable laches and is making an inequitable demand. Hence, the District Court rightly refused to review the computation. 34 C. J. 72, 78, 245. It is a serious question whether the application, though nominally one for nunc pro tunc order, is not for the purpose of reviewing judicial action (34 C. J. 76, 77, 242). Also whether it should not have been made within one year. It is unnecessary to pass upon these questions.—Affirmed.

FAVILLE, C. J., and EVANS, KINDIG, and GRIMM, JJ., concur.