H. W. HANSON, Appellee, v. S. & L. DRUG COMPANY, Appellant.

**JUDGMENT:** Conclusiveness—Judgment on Account Stated. A judgment of dismissal rendered *strictly* on the issue whether there was an account stated is not *res adjudicata* of a subsequent action on open account involving the same items. (See Book of Anno., Vol. 1, Sec. 11567, Anno. 112 *et seq.*)

**JUDGMENT:** Form—Final Entry. A formal judgment entry does not necessarily have to be submitted to the defeated party prior to its entry.

Headnote 1:   34 C. J. p. 815.   Headnote 2:   34 C. J. p. 46.

Headnote 1:   9 R. C. L. 209; 15 R. C. L. 982.

*Appeal from Des Moines Municipal Court.*—J. E. MERSHON, Judge.

MARCH 15, 1927.

Action to recover for services performed. From judgment in favor of plaintiff defendant appeals.—*Affirmed.*

*Guy A. Miller*, for appellant.

*George F. Brooks,* for appellee.

ALBERT, J.—Appellee in his petition claims that he is an attorney, practicing in the city of Des Moines; that from the 27th of November, 1925, to the 1st day of January, 1926, he

1. JUDGMENT: conclusiveness: judgment on account stated.

performed work and labor and rendered services for appellant, according to an itemized statement attached to his petition; and that the reasonable value of such work and labor was $75.75, and he asks judgment therefor. Appellant denies generally, but admits that appellee did perform certain services for appellant at its instance and request, but denies the value of the services as alleged by appellee. It further pleads a former adjudication, bottomed on an action tried in the same court, the details of which will be referred to later. On a trial of this action, judgment was rendered in favor of appellee for the amount of the claim in full.

It appears that, on the 8th day of January, 1926, this same appellee filed a petition against the same appellant, in which he sought to recover on account stated, and the court therein held that, from the evidence then introduced, the account stated was not established by a preponderance of the evidence, and dismissed appellee's petition in that case. This gives rise to the most seriously discussed question in the instant case. It appears from the record of the court that the original case came on for trial on the 22d day of January, 1926. The appellant moved the court to require appellee to elect whether he would stand on the open account or upon the account stated. Such motion was sustained, and appellee elected to stand on the account stated. The record then recites that the cause was dismissed, without prejudice to further action on open account. The trial was proceeded with then on the account stated, with the result above set out.

The question is whether or not the adjudication in that case, holding that no account stated had been proven, is binding in the instant case, as a bar or *res adjudicata* of the matters here involved. It is conceded that the services sued on in this case are the identical services claimed to have been covered by the account stated, sued on in the first action. The question therefore is whether or not the matters sued on here are *res adjudicata,* by reason of the foregoing matters. In a general way, the

theory of account stated is seldom used in our practice, but it has been recognized by this court in numerous cases as a part of the law of the state, and we shall so consider it in this case.

"An account stated is an agreement between parties who have had previous transactions of a monetary character that all the items of the account representing such transactions, and the balance struck, are correct, together with a promise, express or implied, for the payment of such balance." 1 Corpus Juris 678.

At common law, it was always advisable in declarations in assumpsit to insert a count on account stated. 1 Chitty on Pleading (15th Am. Ed.) 358, 359. Where the suit is on account stated, and the evidence fails to show an account stated, but is sufficient to show the plaintiff entitled to an accounting under the Code, the complaint should not be dismissed. 1 Encyc. of Pleading and Practice 88.

This phase of the question has never been passed upon by this court, however. Whatever this rule may be, it would not be binding in this case, because the appellant forced the issue by a motion to require appellee to elect whether he would proceed on an account stated or an open account, and obtained a ruling thereon; whereupon the court entered an order limiting the issues to be tried in that case to the sole question of whether or not there was an account stated; and the appellant, having thus, by its own action, narrowed the issues to the simple question above stated, cannot now be heard to say that the issues in the instant case were adjudicated in the former case. While the appellant denies the reasonableness of the charges made, it does not deny that the appellee performed services for it. The general rule governing the determination *res adjudicata*, to wit, that a judgment adjudicates all matters that were in issue and determinable in that case, together with all matters which are related thereto which could or should have been litigated in the original case, has no application here, because of the action of appellant in causing the issues in the original case to be narrowed as they were. It cannot be said that the decision in the original case, "that no account stated has been established by the evidence," was any adjudication of the rights of appellee to recover for his services actually performed, as no such question was involved or determined in that case. We are not passing on the question

of what the result would have been if appellant had proceeded to trial in the original case without narrowing the issues as it did.

It is urged upon our attention that the evidence in the case is not sufficient to support the findings of the court, both as to services performed and the amount allowed therefor. We have read the record, and find that the evidence is sufficient, both on the services and the reasonable value thereof, to support the judgment of the court.

One other question is discussed to which we will give attention. The case was tried on the 22d day of January, 1926. The court's calendar, under date of January 22, 1926, has this entry:

"Court finds there was no account stated and petition is dismissed at plaintiff's cost.

"1-23-26

"Judgment as per entry signed."

This is signed by the presiding judge.

The journal of the court made by the deputy clerk has an entry under date of July 22, 1926, which, after reciting the appearance of the respective counsel, further recites:

"The court finds that there was no account stated and petition of plaintiff is dismissed."

This was probably journalized by the deputy clerk from the aforesaid entry on the judge's calendar. A more formal judgment entry was prepared and signed and filed by the court, in pursuance of his calendar entry, on the 23d day of January, 1926, it bearing date of the 22d of January, 1926. The judgment entry is always the controlling element in questions of this kind, and the winning litigant undoubtedly has the right to have a formal judgment entry, if he so demands, which seems to have been what was done in that case; and we know of no law that requires such judgment entry made by the court to be submitted to the defeated litigant or his counsel.

2. JUDGMENT: form: final entry.

We find no reversible error in this record, and therefore the case is affirmed.—*Affirmed.*

EVANS, C. J., and DE GRAFF and MORLING, JJ., concur.