Brotherhood of American Yeomen, Appellee, v. Blanche C. Ressler, Cross-petitioner, Appellant.

No. 41860.

September 26, 1933.

D. N. Clark, for appellant.

George M. Faul, for appellee.

Donegan, J.—On the 21st day of April, 1920, the then owners of certain land in Monroe county, Iowa, executed a mortgage thereon to Brotherhood of American Yeomen, a corporation. On December 12, 1931, the Brotherhood of American Yeomen, a corporation, as plaintiff, brought action to foreclose said mortgage. Shortly before the said action in foreclosure was brought, the then owners of the title to said land conveyed all of the underlying coal and

mineral rights in such land to the cross-petitioner,. Blanche C. Ressler, appellant herein, by deed which was duly recorded. Said Blanche C. Ressler was made a party defendant in such action to foreclose, but no personal judgment was asked against her.

Paragraph XIII of said petition alleged:

"That each and all the defendants herein have or claim to have some lien upon or interest in the said mortgaged premises, but the plaintiff avers that whatever lien or interest they or any of them may have thereon or therein, the same is junior and inferior to the lien of plaintiff's mortgage, Exhibit 'B', and the amounts due the plaintiff as hereinbefore set forth."

On February 25, 1932, said Blanche C. Ressler filed a separate answer. In this answer she alleged that she was without knowledge or information sufficient to form a belief as to the allegations of several paragraphs of the petition, and she therefore denied the same and demanded proof thereof. Said answer further stated:

"Paragraph XIII. This defendant admits that she has and claims an interest in the said lands described in the plaintiff's petition, and in this regard alleges that she is grantee, by mesne conveyances, of the coal and mineral underlying the said lands from the common source of title, the said W. Grant Clark, Rachel B. Clark, John R. Clark and Lilla E. Clark, defendants herein; and that said deeds of conveyance were all executed, delivered, and recorded prior to the commencement of this action by the plaintiff.

"Paragraphs XIV and XV. That as to Paragraphs XIV and XV, this defendant is without knowledge or information sufficient to form a belief, and, therefore, denies the same."

On the same day, February 25, 1932, said Blanche C. Ressler filed an amendment to her answer which stated:

"This defendant admits the allegations in Paragraph XIII."

Said Blanche C. Ressler also filed in said action a cross-petition which stated as follows:

"Now comes Blanche C. Ressler, one of the defendants in the above entitled action, and hereinafter referred to as cross-petitioner, in her own behalf against the Brotherhood of American Yeomen, plaintiff in this cause, hereinafter referred to as cross-defendant, respectfully alleges:

"That John R. Clark and Lilla E. Clark, prior to the commencement of this action by the said Brotherhood of American Yeomen, cross-defendant, together with W. Grant Clark and Rachel B. Clark, made, executed, and delivered to this cross-petitioner, a deed conveying the lands described in plaintiff's Petition to Dwight D. Clark, Alfred B. Clark, and J. Russell Clark; that the said Dwight D. Clark, Alfred B. Clark, and J. Russell Clark, hereinafter called co-defendants in this Cross-petition, did, prior to the commencement of this action by the plaintiff, execute and deliver to the cross-petitioner a deed conveying all of the underlying coal and mineral rights in the lands, described in the plaintiff's Petition, and the deed was duly recorded at the time and prior to the commencement of plaintiff's action; that by said deed of conveyance to the cross-petitioner, the surface of the said land has been segregated from the mineral rights in separate estates, the surface being owned by the cross-petitioner's grantors, Dwight D. Clark, Alfred B. Clark, and J. Russell Clark, and the coal and mineral in the said lands being vested in the cross-petitioner; that it is to the interest of all parties that the said separate estates be sold separately, in event a foreclosure decree is rendered in this cause, and sale of the said land under special execution be ordered, in that the separate interests can be sold to better advantage; and that the court direct, in the said decree, the order of the said sales, and direct that cross-petitioner's interests be sold last, and that the court fix the order of redemption by decree."

Both the separate answer and cross-petition contained the same prayer, which was as follows:

"That the surface of the said land, being the rights reserved by Dwight D. Clark, Alfred B. Clark, and J. Russell Clark, under their said deed of conveyance to the cross-petitioner, be sold first under any special execution, if any, ordered by decree of this court; and that the decree also fix the order of sale and the respective orders of redemption; and for such other and further relief as the court may find meet and just, all things considered."

On March 9, 1932, plaintiff-appellee filed a motion to strike said cross-petition of said Blanche C. Ressler. On September 26, 1932, a hearing was had, and the court indicated that he would sustain appellee's motion to strike appellant's cross-petition, and hear the case on its merits and protect appellant's interest in the mort-

gaged real estate by proper provisions of the decree. Counsel for both parties were present, and the court directed the plaintiff's attorney to prepare a decree accordingly.

On September 28, 1932, appellant served notice of appeal from the ruling of the court sustaining the motion of the appellee and striking appellant's cross-petition. Appellant's answer and amendment thereto still remained on file, and on October 3, 1932, the court entered its decree. This decree contained the following statement:

"This matter now coming on for hearing on the Motion of the plaintiff to strike the Cross Petition of the defendant, Blanche C. Ressler, the court finds that the said Motion to strike said Cross Petition of said defendant should be and the same is sustained and the said defendant, Blanche C. Ressler is hereby granted an exception to said ruling of the court.

"The said Motion to strike the said Cross Petition of the defendant, Blanche C. Ressler, having been sustained, said defendant thereupon elected to stand on her said Cross Petition and announced her decision to so stand on said Cross Petition and on her exception to the ruling of this court thereon and said defendant thereupon refused to plead further and this cause now proceeds to trial and determination on its merits."

Said decree also contained an order for sale of the said mortgaged land under special execution and directing that in such sale the surface of the land should be offered for sale first, and, in case the amount bid thereon be not sufficient to pay the mortgage debt, with interest and costs, that the coal and mineral underlying such mortgaged lands be then offered for sale.

Appellee has filed herein a motion to dismiss the appeal. The first ground of such motion is as follows:

"The alleged order of Sept. 26, 1932, from which appellant is attempting to appeal is not one from which an appeal will lie: It is not an order; it is at most a mere memorandum or calendar notation of some kind; the final order and decree of October 3, 1932, is the only one having any force or effect but appellant is not appealing therefrom; no appeal will lie therefrom, for that:

"(a) An Order is a direction of a court or judge in writing not included in a judgment.

"(b) A formal entry of judgment or decree supersedes all prior calendar entries and all the collateral record relating thereto and is controlling."

Section 12823 of the Code provides what orders may be appealed from to this court. The only subdivisions of this section under which the alleged order involved in this case could possibly be classed are subdivisions 1 and 4. These subdivisions are as follows:

"1. An order made affecting a substantial right in an action, when such order, in effect, determines the action and prevents a judgment from which an appeal might be taken."

"4. An intermediate order involving the merits or materially affecting the final decision."

It is quite apparent that the order, if any was entered of record, striking appellant's cross-petition does not come under either of these subdivisions. The decree which was entered in the main case a few days after the order striking appellant's cross-petition is alleged to have been made contains a provision specifically striking the cross-petition. The order striking such cross-petition, even if entered by the court prior to the date of the decree, would not, therefore, and did not, prevent a judgment from which an appeal might be taken. On the contrary, the judgment and decree entered contained the same ruling on which appellant attempts to base an appeal from the order striking her cross-petition. The order striking the cross-petition, even if entered prior to the filing of the decree, did not involve the merits of the case and did not affect the final decision thereof, because the final decree contained the very relief which the appellant sought in such cross-petition and which was also presented in the case by the answer which was filed by the cross-petitioner. For these reasons alone, the appeal herein should be dismissed.

In addition thereto, the appellant fails to show that any ruling of record was made striking the cross-petition on the 26th day of September, 1932, or that, if such ruling was made, it amounted to anything more than a simple entry or notation made by the judge and which was later incorporated in the decree. Code 1931, section 11240; Hanson v. S. & L. Drug Co., 203 Iowa 387, 212 N. W. 731; Cooley v. Ayres, 180 Iowa 741, 163 N. W. 625; Kennedy v.

Citizens National Bank, 119 Iowa 123, 93 N. W. 71; McGlasson v. Scott, 112 Iowa 289, 83 N. W. 974.

Moreover, the appellant in her amendment to her answer specifically admitted paragraph XIII of the plaintiff's petition, which claimed that any lien or interest of the appellant was junior and inferior to the lien of plaintiff's mortgage. Neither appellant's answer nor her cross-petition stated a cause of action against the appellee or her codefendants. The only relief sought by her either in her answer or cross-petition was a sale of the surface separate from the coal and mineral rights underneath the surface. Appellant was apprised, at the time that the court announced that the cross-petition would be stricken, that such relief asked by her in regard to the sale of the surface as separate from the sale of the underlying coal and mineral rights would be provided in the decree. This was done in the decree, and no appeal has been taken therefrom. The time for such appeal having long since elapsed, any question as to the correctness of the court's ruling in striking appellant's cross-petition is now moot, and will not be considered by this court.

For the reasons given, the appeal is hereby dismissed.

ALBERT, C. J., and EVANS, KINDIG, and CLAUSSEN, JJ., concur.