GLEN DAVIS et ux., Appellants, v. W. W. WILSON et al., Appellees.

No. 47172.

(Reported in 30 N. W. 2d 487)

JANUARY 13, 1948.

REHEARING DENIED MARCH 12, 1948.

Walter F. Maley and J. R. McManus, both of Des Moines, for appellants.

Paul W. Richards, of Red Oak, and Dalton & Dalton and Rudolph & Rudolph, all of Atlantic, for appellees.

BLISS, J.—The action, in which plaintiffs seek a vacation of the judgment, *insofar as it is adverse to them,* and the granting of a new trial, was brought by them in equity praying that title to a certain 344-acre farm be quieted against each defendant; that an accounting be had between plaintiffs and defendant Wilson to determine their indebtedness to him, and upon its payment Wilson be required to convey said land to plaintiffs; that in the event such relief could not be granted, the plaintiffs have judgment against defendants and each of them for $21,600, with interest from March 3, 1944. Separate answer' was filed by each defendant, and defendant Rudolph also filed a cross-petition for decree quieting title to said land in himself and judgment for immediate possession thereof.

On February 12, 1945, the court rendered judgment and decree, which was that day entered, dismissing plaintiffs' amended and substituted petition and cause of action, with prejudice to further action thereon, in favor of all defendants, and adjudging and decreeing that plaintiffs had no right, title, claim, or interest in, to, or upon said land; and that the title thereto be quieted and confirmed in the defendant Richard·D. Rudolph against the adverse claims of the plaintiffs.

From that judgment and decree plaintiffs appealed to this court. This court, by decision made and opinion filed on February 5, 1946, held that although plaintiffs had been the equitable owners of the land and Wilson had held title only as security for indebtedness owing to him by plaintiffs, the defendant Rudolph was an innocent purchaser of the land from Wilson, for value, and without notice of plaintiffs' claims, was the absolute owner. But, since the said sale by Wilson to Rudolph had deprived plaintiffs of their right to redeem the land, this court held that they were entitled to a money judgment against Wilson in the amount the value of the land exceeded their indebtedness to Wilson, or $3,440 and accrued interest at five per cent. In our opinion in that appeal (Davis v. Wilson, 237 Iowa 494, 507, 21 N. W. 2d 553, 561, Garfield, J.), we said: ·

"As to defendants Rudolph and Dalton, the decree is affirmed. As to defendant Wilson the decree is reversed and the cause is remanded for a decree in harmony with this opinion.— Affirmed as to defendants Rudolph and Dalton; reversed and remanded as to defendant Wilson." Rehearing was denied April 5, 1946.

It thus appears that the judgment and decree of the district court rendered in the trial of the main case and entered on February 12, 1945, as to the title to the land, and with respect to and in favor of defendants Rudolph and Dalton and against the plaintiffs, was in no way disturbed or affected by the decision of this court on the appeal. It was affirmed. There was no need of a remand as to it, and there was none. It was a final judgment with respect to and as between defendants Rudolph and Dalton and the plaintiffs, on the issue of the title to the land. The decree quieted the title in Rudolph on his cross-petition. The reversal was only as to Wilson. The trial court allowed no money judgment in favor of plaintiffs and against any defendant. This court affirmed the trial court in allowing no money judgment against Rudolph and Dalton, but reversed it for not allowing a money judgment against Wilson, and ordered judgment for plaintiffs and against Wilson in the sum of $3,440 with interest. The remand to the district court was only for the purpose of entering this money judgment against Wilson. It was entered on August 5, 1946, as here set out:

"JUDGMENT ENTRY.

"The order and judgment heretofore entered in this cause on February 12, 1945, was appealed and the cause submitted in the Supreme Court of Iowa and an order made therein * * * affirming the action of the trial court as to the defendants Richard Rudolph and G. C. Dalton but reversing * * * this court as to the defendant W. W. Wilson and remanding said cause for the entry of an order in harmony with the opinion of the appellate court.

"A mandate having been issued by said court directing said further proceedings, now on this day,

"It is Ordered that the plaintiffs Glen Davis and Carrie

Davis and each of them have and recover from the defendant W. W. Wilson, judgment in the sum of $3,440 with interest at the rate of five percent per annum from March 1, 1944."

The judgment was not a substitution for the judgment of February 12, 1945, but was merely an addition thereto on the separate issue of the money judgment against Wilson as ordered by this court. It was the final judgment of the district court on that particular issue. It was not adverse to plaintiffs and they do not complain of it in the proceeding before us. The amount of this money judgment has been paid to the clerk of the district court. They do not ask that this separate and distinct part of the judgment be set aside nor that a new trial be granted as to it. No notice of this proceeding was served upon Wilson, as required by Rule 253(b). No notice of this appeal was served on him. Plaintiffs complain of the judgment and decree only "insofar as it is adverse to them." That part of the judgment and decree became final when it was entered on February 12, 1945, more than a year before the filing of the petition in this proceeding.

For a more complete statement of the facts, pleadings, and prior proceedings in the original case, see the opinion in Davis v. Wilson, supra, 237 Iowa 494, 21 N. W. 2d 553. In the proceedings involved in the present appeal, plaintiffs on February 4, 1947, filed their petition to vacate and modify "the final judgment now appearing of record in this proceeding." By reference, they incorporated in the petition all pleadings, notices, motions, orders, evidence, proceedings, and opinions in said cause. The petition alleged the relations and business transactions over a number of years between plaintiffs and Wilson, in substance as noted in said opinion in 237 Iowa, up to and including the sale and conveyance by Breece, executor, to Wilson, of the 200-acre farm which Davis had lost by foreclosure. Breece, executor, as judgment creditor, had bought this tract at the sheriff's sale for the full amount of the judgment and costs, on or about December 1, 1941, and received a sheriff's deed therefor on December 7, 1942. The defendant Dalton was the attorney for the estate of which Breece was the executor and had handled the foreclosure proceedings. On Decem-

ber 23, 1942, Wilson agreed to purchase the 200-acre farm of Breece, executor, for $20,380, plus the 1942 taxes. Dalton drew the contract providing for an earnest-money payment of $1,500, and the balance of the purchase price when the court approved the sale and ordered the deed delivered. On January 6, 1943, the executor's deed was executed and delivered to Wilson. It was recorded on January 15, 1943. On the latter date Wilson also received from plaintiffs their warranty deed—recorded on January 16, 1943—to 144 acres of unimproved land on which Wilson held mortgages for substantially the full value of the land. Dalton drew the deed. On February 28, 1944, Wilson, by written contract, sold the 344-acre tract to the defendant Rudolph for $30,948, the amount which Wilson said he had in the land, plus the 1943 taxes. Rudolph drew the contract. It provided for a cash payment of $2,000 and the balance of the purchase price in ninety days. Although it was not put in the written contract, both Wilson and Rudolph testified that the rental for 1943, no part of which had been received by Wilson, became the property of the purchaser. On March 3, 1944, Wilson executed a deed to the 344 acres to Rudolph and received from the latter $3,948 and a mortgage on the land for $25,000, in full payment of the balance of the purchase price. The deed was recorded on March 14, 1944.

The substance of the matters above stated and other matters are alleged in the petition for new trial. It was the contention of the plaintiffs in the main case and in the petition for new trial that whatever title Wilson took to any part of the 344 acres was taken by him solely as security for indebtedness owing by them to Wilson. We sustained this contention of plaintiffs, as already noted herein, in our holding in 237 Iowa 494, 21 N. W. 2d 553, supra, but held that the title vested in Rudolph as an innocent purchaser. In the proceeding now before us plaintiffs challenge the innocence and claimed lack of knowledge of Rudolph as to the rights and claims of plaintiffs. In their petition for new trial they allege in substance: that on or about the time the conveyances were made to Wilson, they engaged the legal services of Dalton to prepare a writing to be executed by Wilson and themselves stating that Wilson held title simply as security and granting the plaintiffs the right

to redeem, but Dalton failed to perform said services; that at or about the time Dalton was retained by Wilson and plaintiffs to draw said contract he and Rudolph "conspired, confederated and agreed with each other, and with one another that they would arrange for the purchase of said 344 acres of land by paying or offering to pay to the defendant, W. W. Wilson, who then held title to said real estate in trust for the benefit of these plaintiffs as aforesaid, the sum of $30,948 representing the investment the defendant, W. W. Wilson, had in said farm land with accrued interest thereon pretending to be innocent purchasers for value of said farm land and without knowledge of the right, title, [or] equity and interest of these plaintiffs therein, although while so pretending and holding themselves out to be innocent purchasers for value of said farm land, said defendants had actual and personal knowledge of the existence of the understanding and agreement between these plaintiffs and the defendant, W. W. Wilson * * * of the fact that the plaintiffs were then in possession and occupancy of said farm land, and that the deeds then held by the defendant, W. W. Wilson, and the title to said real estate were held in trust by the said Wilson, and that plaintiffs were legally vested with their equity of redemption in said farm land. That for the purpose of executing and carrying out the wicked, unconscionable and unlawful conspiracy, as aforesaid, the said defendants, G. C. Dalton, Richard D. Rudolph and W. W. Wilson, agreed to do and did the following overt acts in carrying out the purpose intended and object of said unlawful conspiracy, to wit:"

The petition here sets out specifications in substance, as follows: (a) Dalton violated his confidential relation as attorney in purposely refusing to draw the contract between plaintiffs and Wilson (b) Dalton revealed to Rudolph the terms of the proposed contract (c) Dalton arranged for Wilson to come to his office to discuss the sale of the 344 acres without so notifying the plaintiffs (d) Dalton called Rudolph to meet Wilson (e) Dalton furnished Rudolph with a blank real estate sale contract, and Rudolph asked Wilson his price and Wilson told him $30,948, the amount of his investment (f) before the

contract was completed Wilson told Rudolph of the rights and interest of plaintiffs in the land and Rudolph replied: "There is no written contract between you and the Davises, and we will just forget about the oral agreement" (g) Rudolph inquired about the abstract of title and Wilson told him Carrie Davis had it (h) on February 28, 1944, a sale contract between Wilson and Rudolph was executed (i) the evening before the original trial of the case commenced in Atlantic, on October 5, 1944, Rudolph suborned Wilson to commit perjury in the trial of the case as a witness for Rudolph, by saying to him: "You just say what we tell you to say, and you will be all right. You have just got to testify that you had no contract, written or verbal, with Glen Davis" (j) Wilson did testify falsely as to matters hereinbefore stated in carrying out the conspiracy of the defendants which made it appear that Rudolph had no knowledge of plaintiffs' interest in the farm, although he was fully informed.

The petition also alleged that the deed of Wilson to Rudolph and "his signature thereto were procured by fraud and misrepresentation * * * in carrying out the scheme of conspiracy between said defendants to cheat and defraud plaintiffs * * * out of their interest and equity in said farm land * * * and with the intent and purpose of taking advantage of their ignorance and lack of knowledge of the fraud which was being perpetrated upon them"; that the facts constituting the conspiracy were not known or presented at the trial of the case or in any other proceeding involving the real estate, since plaintiffs did not and could not know of the conspiracy until between October 28, 1946, and the last week in December 1946.

On February 22, 1947, defendants Rudolph and Dalton filed a motion to dismiss the petition, alleging grounds in support thereof substantially as follows: the decree sought to be vacated was entered of record on February 12, 1945, and the petition for new trial was filed February 4, 1947, and not within the time and limitation provided by Rules 244 and 253(a) of the Iowa Rules of Civil Procedure, and proceedings under the petition are therefore barred; proper diligence is not alleged; the petition fails to allege any extrinsic fraud, irregularity, misconduct, or newly discovered evidence entitling them

to any relief; the petition "is a mere sham or pretense, not filed in good faith and is so clearly untimely and utterly insufficient on its face as to be frivolous and vexatious"; the evidence alleged is that of the witness Wilson, vouched for by plaintiffs and called and used by them as a witness, and tends only to contradict or impeach his testimony.

On March 17, 1947, plaintiffs amended their petition by alleging that the final judgment and decree in the trial of the case was entered on August 4, 1946; that on order of February 28, 1947, of the district court, over objection of defendants, the deposition of Wilson was taken at Bethany, Missouri, before a commissioner, on oral-direct and cross-interrogatories, commencing at 2 p. m., Monday, March 10, 1947, and continuing through March 11th and 12th and terminating in the afternoon of March 13th, which deposition plaintiffs desired to make a part of the petition for new trial in support of the allegations thereof.

On April 10, 1947, defendants Rudolph and Dalton amended their motion to dismiss to apply to the amended petition, and by reference made a part of the motion a transcript of Wilson's testimony in the main case. On the petition for new trial and defendants' motion and the issues thus joined, evidence was introduced and a hearing was had before the district court, Judge Vernon Johnson presiding. The deposition of W. W. Wilson, two and one-half inches thick and consisting of 535 typewritten pages, subject to various objections and motion of defendants to suppress was received in evidence with all exhibits noted therein in support of the allegations of the amended petition for new trial. Plaintiffs also offered, subject to defendants' objection, the judgment entry of August 5, 1946, and the procedendo from this court. Defendants, subject to plaintiffs' objection, offered in evidence the judgment entry of February 12, 1945, and the transcript of testimony of W. W. Wilson as a witness for the plaintiffs and for the defendants in the trial of the main case in October 1944. The transcript and the deposition have been certified to this court.

On April 28, 1947, the order of the trial court was filed and entered of record denying and dismissing the plaintiffs'

petition for new trial, as amended, upon the grounds set out in defendants' motion, as hereinabove noted, after full consideration by the court of the deposition of Wilson, and of all other evidence introduced at the hearing.

We have fully considered the order of the trial court and the specific rulings and conclusions of law therein, and the various propositions, of the parties relied upon for reversal and for affirmance. We have read the record herein, including the deposition of Wilson and the transcript of the evidence in the main trial. It is our conclusion that the order of the district court dismissing plaintiffs' petition is sound and right and fully sustained by the record, and we have no inclination to disturb it. It is unnecessary to discuss all of the specific conclusions of law of the trial court or the various propositions argued by the parties.

I.   The defendants contended and the court found that the petition of plaintiffs was not filed in the original action within one year after the final "judgment or order involved," as provided by Rules 252 and 253(a) of the Iowa Rules of Civil Procedure. We have already set out the dates of, and all material matters in, the original judgment, the decision of this court on appeal, and the judgment of the district court on the remand. The latter judgment is not "involved" in this proceeding for vacation of the original judgment and for new trial. It is not the "final" judgment involved in this proceeding. The matter which is here involved and concerning which plaintiffs seek a vacation "insofar as it is adverse to them" is the judgment of February 12, 1945, the rendition of which was more than a year before the filing of plaintiffs' petition on February 4, 1947. The proceedings initiated by the filing of plaintiffs were barred at the time of the filing under the provisions of Rule 253. This conclusion is alone decisive of the appeal and demands an affirmance. Our decision in Davis v. Wilson, supra, 237 Iowa 494, 21 N. W. 2d 553, insofar as it affirmed the judgment appealed from, in no way affected or disturbed it. See Shaw v. Addison, 236 Iowa 720, 727, 728, 18 N. W. 2d 796, and cases cited.

The trial court sustained all grounds of the motion to dismiss excepting ground 8, which alleged that the petition

was not supported by affidavits as required by law. It is not necessary to discuss any of these grounds except the ground discussed in Division I hereof.

The order and decree should be and it is affirmed.—Affirmed.

MULRONEY, C. J., and OLIVER, HALE, GARFIELD, MANTZ, SMITH, and HAYS, JJ., concur.