GENERAL MILLS, INC. et al., petitioners, v. HON. S. E. PRALL, Judge of Fifth Judicial District, respondent.

No. 48113.

(Reported in 56 N.W.2d 596)

JANUARY 13, 1953.

Halligan & Lucier, of Des Moines, for petitioner General Mills, Inc., and Charles D. Van Werden, of Winterset, for petitioner Vincent Q. Shocklee.

Killmar & Reynoldson, of Osceola, and Daniel J. Gallery, of Winterset, for respondent.

SMITH, C. J.—On December 12, 1950, a jury returned a verdict of $19,000 in favor of Ruby J. Booth, administratrix, against petitioners herein, for the death of her intestate, caused by the reckless operation of a car in which he was a guest.

Thereupon respondent, as presiding judge, wrote in his calendar: "Jury returns into court with a verdict of $19,000 which is delivered to the court for filing and recording as provided by law and the jury is discharged."

As of the same date the clerk spread the verdict and the calendar entry in District Court Record "00", page 110, entered the judgment in Combination Appearance, Judgment Docket and Fee Book (showing date, amount and costs, and the interest "5%") and also in Lien Index as to both defendants.

On January 11, 1951, another calendar entry was made by the judge and entered by the clerk in District Court Record "00", page 128, as follows: "And the judgment heretofore entered by the clerk upon the verdict is hereby ratified, confirmed, and approved."

Thereafter defendants in that case (petitioners here) appealed to this court and on October 16, 1951, the judgment was affirmed on condition of a remittitur by plaintiff of all in. excess of $12,500 and costs. See Booth v. General Mills, Inc., 243 Iowa 206, 49 N.W.2d 561. Rehearing was denied and procedendo issued January 16, 1952. On January 19, plaintiff administratrix filed "Application for Correction of Judgment Entry" alleging plaintiff was entitled to interest on the verdict from the date of death of decedent, February 12, 1948, and "that the entries as made were mistakes inadvertently made by the clerk."

Upon a hearing on said application, after notice directed to defendants' attorneys and served on one of them, the court overruled a special appearance by defendants, and made a "nunc pro tunc judgment entry" reciting: That the original $19,000 "Judgment entry is not complete and does not attempt to state in a formal manner the amount of the judgment, or the date from which interest thereon should run"; that when the case was submitted the court "did not instruct the jury in regard to interest * * *"; also that "it was the duty of the clerk to enter a judgment upon the verdict as provided by law."

The order also states: "This being an action to recover damages occasioned by the death of plaintiff's decedent, interest on the verdict was due from the date of death * * *. That, if in fact, the entries on the clerk's docket are intended to indicate that interest on the verdict should run only from December

15, 1950, then said entry is in error and does not correctly speak the judgment and interest that should have been rendered upon the verdict of the jury. That such entry is apparent error upon the face of the record and one that can be corrected by computation of interest."

The order, referring to the decision of this court, states "plaintiff has filed a remittitur" in accordance therewith; and then by appropriate language further provides that plaintiff "is hereby awarded judgment" in the sum of $12,500 "with interest thereon * * * from February 12, 1948" (the date of the death of plaintiff's decedent).

Petitioners (defendants in the original action) have sued out this writ of certiorari, questioning the legality of that nunc pro tunc order. They state six "propositions relied on to sustain the writ." The first five allege noncompliance with, and limitation by lapse of time under, rule 253, R. C. P.; the sixth urges that the alleged mistake was judicial and not merely clerical. Respondent contends: (1) Upon return of verdict in the original action plaintiff was entitled to interest on it from date of death (2) that it should have been so entered as a ministerial act, and (3) the court (respondent here) had inherent power to correct the record nunc pro tunc.

It will be observed respondent's brief ignores petitioners' five contentions which assume the proceedings for correction of the judgment entry were instituted under rules 252 and 253, R. C. P.

I. It seems to be settled in this state that interest may be allowed on unliquidated claims wherever it appears the damage was complete at a particular time; also that it is right to instruct the jury to that effect, and that unless it can be said the jury allowed interest in fixing the amount of its verdict the court as well as the jury could add it. Collins v. Gleason Coal Co., 140 Iowa 114, 124, 115 N.W. 497, 118 N.W. 36, 18 L. R. A., N. S., 736; Bridenstine v. Iowa City Electric Ry. Co., 181 Iowa 1124, 1135, 1137, 165 N.W. 435.

Petitioners here do not question the abstract proposition but claim it was illegally invoked and applied here.

II. Rule 252, R. C. P. provides that "Upon timely petition and notice under rule 253 the court may correct * * * a final

judgment" on the ground of "mistake, neglect or omission *of the clerk."* (Italics supplied.) Rule 253(a) requires that such petition must be filed within one year after rendition of the judgment; subsection (b) requires service of "an original notice in the manner provided in Division III of these rules" (Division III relates to "Commencement of Actions") ; and subsection (c) requires assignment of the petition for trial "not less than twenty days after notice is served."

If the nunc pro tunc order was intended to be made pursuant to the authority of these rules clearly it cannot be upheld. The petition for correction of the judgment entry was not filed within one year after rendition of the judgment and the procedure failed in other respects to comply with that prescribed in rule 253. The special appearance of defendants should have been sustained. Kern v. Woodbury County, 234 Iowa 1321, 1324, 14 N.W.2d 687; Davis v. Wilson, 239 Iowa 337, 30 N.W.2d 487.

III. But we do not deem the error was clerical as the language of the order assumes. The clerk, in entering judgment on the verdict, could not make a determination in a case of this kind that interest from date of death to date of rendition of verdict should be added. That would be a decision for the presiding judge or jury to make, dependent on the evidence and the instructions. The question of the right to such interest on unliquidated claims is one that has bothered courts and lawyers. Courts are not unanimous in answering it. 25 C. J. S., Death, section 109; Bridenstine v. Iowa City Electric Ry. Co., supra, 181 Iowa, at page 1136; 16 Am. Jur., Death, section 384. In fact the rule in our state has been said to be contrary to the general rule. Olson v. Shuler, 203 Iowa 518, 521, 210 N.W. 453.

In Black v. Minneapolis & St. L. R. Co., 122 Iowa 32, 37, 96 N.W. 984, 986, it is said: "But it is well settled that, in estimating even unliquidated damages, the jury may take into account interest on the sum found necessary to compensate the plaintiff for the injury suffered at the time of the loss, on the theory that such interest is a part of his damage. Richmond v. Dubuque & S. C. R. Co., 33 Iowa 422, 502; Frazer v. Bigelow Carpet Co., 141 Mass. 126 (4 N.E. Rep., 620); Richards v.

Citizens' Nat. Gas Co., 130 Pa. 37 (18 Atl. Rep. 600); Lincoln v. Claflin, 7 Wall. 132, 139 (19 L. Ed. 106). As the verdict of the jury was with reference to the money loss sustained by the plaintiff at the time of the fire, they were properly told that they might, as an element of damage, include interest on the amount of such loss."

In Hollingsworth v. Des Moines & St. L. Ry. Co., 63 Iowa 443, 447, 19 N.W. 325, we held that if the court in express terms had not told the jury whether plaintiffs were entitled to interest or not, it was not error for the court to add it later. In that case the court acted prior to appeal. It required a determination that the jury had not included such interest in the amount of its verdict—a judicial decision. The respondent here might well have submitted it to the jury; or not having done that might, upon a proper finding, have directed the clerk to compute and add the interest to the verdict.

IV. It is argued on behalf of respondent that in fact no judgment at all was entered upon the verdict until the nunc pro tunc judgment entry was signed. That is equivalent to saying the time and energy of counsel and court on the appeal were just so much waste of motion.

We hardly think this contention can be urged on behalf of plaintiff-appellee in that appeal. If there was then no judgment at all to appeal from, it should have been pointed out by appellee and much time and expense saved. The judgment could then have been entered nunc pro tunc and the question disposed of. Wilson v. Corbin, 241 Iowa 226, 40 N.W.2d 472.

However, we think judgment had been in fact entered for the amount of the verdict. True, the entry did not specifically recite "judgment is hereby entered." Its legal effect however was to constitute a judgment entry upon the verdict which had been "delivered * * * for filing and recording as provided by law."

Less than thirty days later (January 11, 1951) the presiding judge so recognized it by making the second calendar entry, which the clerk duly recorded, expressly *ratifying, confirming and approving "the judgment heretofore entered by the clerk* upon the verdict." (Emphasis supplied.) The purpose of the rule requiring record is not *to create* the judgment, but, as

was said of the statute that preceded it, to furnish an enduring memorial of what has been done—to put it in enduring form. State ex rel. Brown v. Beaton, 190 Iowa 216, 236, 178 N.W. 1, 180 N.W. 166. We think that had been done here. As was said in Hanson v. S. & L. Drug Co., 203 Iowa 384, 387, 212 N.W. 731, 733, "the winning litigant undoubtedly has the right to have a formal judgment entry, if he so demands."

But the winning litigant in Booth v. General Mills, Inc., supra, did not complain of the *form* of the judgment entry made December 15, 1950, and "ratified, confirmed and approved" January 11, 1951. Nor did she claim no judgment had been entered. Her real contention, even when she applied for the correction of the judgment entry, was that it should be changed so as to award her interest from date of death.

V. It is urged the trial court has inherent power to enter judgment nunc pro tunc to correct "evident mistakes in its orders or judgments" regardless of statutory time limitations or limitation prescribed by rule. Murnan v. Schuldt, 221 Iowa 242, 265 N.W. 369, and earlier cases are cited. In the Murnan case a judgment had been entered. The entry in the judge's calendar ordered judgment upon two notes ($540 and $900) in the sum of $1440. The clerk inadvertently entered it for $1080 instead. The mistake was *obvious* and a clear violation of the calendar entry. Correction was made under section 10803, Iowa Code, 1935, which provided: "Entries made and signed at a previous term can be altered only to correct an *evident* mistake." (Emphasis supplied.) This statute is now section 604.43, Code 1950. But it is not applicable here.

We have already pointed out the instant case does not concern an "evident" mistake. It was not clerical. The clerk could not have known from the judge's calendar memorandum that interest from date of death was not included in, but was intended to be added to, the amount of the verdict. If the court so intended it should have been so indicated.

In some of the other cases cited *no* judgment at all had been entered. See, e.g., Kuiken v. Garrett, 1952, 243 Iowa 785, 51 N.W.2d 149; Selby v. McDonald, 219 Iowa 823, 259 N.W. 485. They are not in point here. In Chariton & Lucas County Nat. Bk. v. Taylor, 213 Iowa 1206, 240 N.W. 740, one part of

the property described in the mortgage being foreclosed had been inadvertently omitted by the attorney who drew the formal decree. In Equitable Life Ins. Co. v. Carpenter, 202 Iowa 1334, 212 N.W. 145, correction was made, not of a judgment entry, but of an erroneous record of it in the appearance docket and an erroneous execution and sale. These and other cited cases can be readily distinguished from the instant case.

█ The function of a nunc pro tunc order is not to modify or correct a judgment but to make the record show truthfully what judgment was actually rendered—"not to make an order now for then, but to enter now for then an order previously made." Chariton & Lucas County Nat. Bk. v. Taylor, supra (213 Iowa, at page 1208); Hobson v. Dempsey Construction Co., 232 Iowa 1226, 1231, 7 N.W.2d 896.

The most that can be said for the judgment entry sought here to be "corrected" and the prior proceeding upon which it was based is that they show the court might have rendered judgment for the amount of the verdict plus interest from date of death had the court found such judgment warranted. The court did not do this—possibly was not even requested so to do at the time judgment was rendered. If a mistake was made (and it surely is not obvious one was made) it was not a mistake of the clerk in entering upon the record the verdict and the judge's calendar entry.

Our decision on the whole case is supported by In re Washington & Georgetown R. Co., 140 U. S. 91, 11 S. Ct. 673, 35 L. Ed. 339.

The writ of certiorari must be sustained and it is so ordered.—Writ sustained.

All Justices concur.