**Duane PAGEL, Administrator of the Estate of David Pagel, Deceased, and Duane Pagel, Appellants,**

v.

**Elwin NOTBOHM and Elizabeth Notbohm, Appellees.**

**No. 54428.**

Supreme Court of Iowa.

June 17, 1971.

Donohue, Wilkins & Donohue, West Union, for appellants.

Fuerste & Carew, Dubuque, for appellees.

MASON, Justice.

Plaintiffs' appeal presents the question whether interest commences on the date of death or date of verdict for wrongful death. Duane Pagel brought this law action to recover for the death of his son David. In one division of the petition he seeks damages as administrator of his son's estate. In the other he makes claim against defendants for loss of his child's services until David would have attained his majority but for his untimely death.

April 10, 1970 the jury returned verdict of $10,360 in favor of plaintiff as administrator and one of $13,401.85 for plaintiff individually.

Since the issue presented is relevant to the claims asserted in both capacities, Mr. Pagel will hereinafter be referred to as plaintiff.

Following return of the verdicts, plaintiff made a motion for additur moving the court to enter an order directing the clerk to include interest at five percent per annum on each verdict from April 11, 1968, the date of David's death.

The court overruled the motion holding interest commenced on the date of verdict under the instructions. Instructions 13, 14 and 14A are the ones involved in the contentions urged in plaintiff's assignments of error.

The court told the jury as a part of instruction 13, "The measure of damages to his estate for the death of David Pagel will be the present worth or value of the estate which he would reasonably be expected to have saved and accumulated as a result of his own efforts from the date he attained his majority if he had lived out the term of his natural life. This is not the sum which, when placed at interest, would yield an amount equal to the income of the decedent at the time of his death, but as heretofore stated, is that amount which estimated at its present worth, under all the circumstances, as disclosed by the evidence, would have come to his estate from the date he attained his majority to the end of his natural life."

The above portion of the instruction follows closely the Iowa Uniform Jury Instruction 3.10.

Instruction 14 dealt with plaintiff's claim for loss of services. As a part of the instruction the court told the jury, "Such allowance of damages to the father, Duane

Pagel, if any damages you find for him, should include the present value of the services of David Pagel and the present value of the probable earnings of David Pagel during the remainder of his minority, less the probable cost of his maintenance, from the date of his death until he attained his legal majority."

We set out instruction 14A in its entirety. "The matter of the payment of court costs under your verdict and the matter of interest on any allowance of damages are matters to be handled by the Court and you will give no consideration thereto."

Plaintiff made no objections nor took any exceptions to these instructions.

In Sisson v. Weathermon, 252 Iowa 786, 799–800, 108 N.W.2d 585, 592 and in Abel v. Dodge, 261 Iowa 1, 10–11, 152 N.W.2d 823, 828, plaintiff's contention on appeal that he was entitled to five percent interest on the amount of the verdict in a wrongful death action from the date of his decedent's death was rejected.

In each case an instruction closely following Iowa Uniform Jury Instruction 3.10 was given.

In neither case did we question prior Iowa decisions that where recovery for wrongful death is computed as of the time of death, rather than time of verdict, interest is allowable from time of death.

In Sisson v. Weathermon this court said:

"The primary question in connection with allowance of interest on the recovery from date of death to date of verdict is whether or not from the instructions it appears the jury have considered interest in arriving at the amount of the verdict."

The court in Sisson v. Weathermon in commenting on the instruction under consideration continued, "It is obvious the present worth of a sum payable in the future becomes greater as the time for payment grows nearer. So the present worth of the pecuniary loss to this estate was greater at the time of the verdict than at the time of decedent's death—and by approximately the amount of interest on the present worth at time of death, if computed from that time, to time of verdict. So the effect of the instructions, which it is presumed the jury followed, was to give plaintiff the benefit of approximately the amount of interest on the present worth of the pecuniary loss to the estate as of the time of death."

In Abel v. Dodge this court said with reference to the same instruction:

"In the quoted instruction the jury was plainly told in effect to allow, in the event of recovery, the present worth or value of the pecuniary loss to decedent's estate. This fairly means that such worth or value was to be computed as of the time of verdict rather than the earlier time of death."

The opinion then repeats the quote from Sisson v. Weathermon which we have set out, supra.

We point out cross-appellant in Abel v. Dodge unsuccessfully maintained that "present worth" refers to *date of death* and not date of verdict.

To the extent they deal with the question presented by this appeal, Sisson v. Weathermon and Abel v. Dodge are based on a judicial determination that guided by an instruction patterned after Iowa Uniform Jury Instruction 3.10, which we must assume they followed, the jury had included interest in computing the allowance of damages to the time of verdict rather than the earlier time of death. The quote from Abel v. Dodge set out, supra, sustains this position. It is not inconsistent with the prior Iowa decisions recognized in the two cited opinions where recovery was computed as of the time of death and interest allowed from that date.

■ I. Plaintiff argues neither Sisson nor Abel govern here in view of instruction 14A wherein the jury was told to give no consideration to the matter of interest on any allowance of damages fixed by their verdict. He maintains it cannot be

said from a reading of the instructions it is apparent the jury considered interest in arriving at its verdict when they were told not to do so and therefore the court should add interest from date of death.

Plaintiff apparently made this argument to the trial court in connection with his motion for additur.

In denying plaintiff's motion the court said:

"What this court intended to tell the jury by Instruction 14A was that they did not need to and should not attempt to insert in their verdict a provision as to the rate of interest on the verdict after rendition, or any specification as to a separate amount of interest that they had included therein. It is felt that the meaning of Instructions 13 and 14 and 14A taken together could readily be and was understood by the jury.

"The jury was told in 14A not to be concerned with the matter of interest on any *allowance of damages*. The verdict is the allowance of damages. They were told by this instruction not to be concerned about what the amount or rate of the interest would be on whatever verdict they allowed. A different situation would have been presented for determination now had the jury been told, in Instruction 14A, that they were not to be concerned with the matter on interest on *any claim* (instead of *on any allowance* of damages) of the plaintiffs." (emphasis in the original)

It is clear the jury was told in instructions 13 and 14 to allow, in the event of recovery, the present worth or value of the pecuniary loss suffered by decedent's death and as stated in Abel v. Dodge, this fairly meant that such worth or value was to be computed as of time of verdict rather than the earlier time of death.

The answer to the question presented by the appeal in the present case is the effect of instruction 14A which was not included as an instruction in either Sisson v. Weathermon or Abel v. Dodge.

Plaintiff's argument would be more persuasive if the jury had been instructed to fix the allowance as of the date of death. But as stated in instructions 13 and 14 the jury was plainly told "present worth" or value means such worth or value was to be computed as of the time of verdict.

In order to sustain plaintiff's position it would be necessary to hold the jury was told in effect in instruction 14A that in arriving at their allowance of damages they were to reduce the present worth or value of the pecuniary loss suffered by decedent's death as determined under the guidelines given in instructions 13 and 14 to the worth or value of such loss at the time of David's death. We decline to make such judicial determination and approve defendant's contention urged in support of the trial court's ruling that "instruction 14A simply told the jury that they were not to consider in their verdict the payment of court costs or interest on any 'allowance of damages' arrived at under the 'present worth' instructions 13 and 14."

Plaintiff's assignment considered in this division is without merit. Under the instructions interest commences on date of verdict.

■ II. In support of his remaining assignment plaintiff maintains interest upon a verdict for wrongful death should be allowed from date of loss to date of verdict without regard to the instructions given to the jury on present worth. He insists the rule laid down in the Sisson case is invalid, unsound, and fallacious and urges us to overrule that decision.

We are not persuaded to do so. Much of plaintiff's argument ignores the fact that he is entitled to interest from the date of the verdicts.

The case is therefore

Affirmed.

All Justices concur except BECKER, J., who dissents and REYNOLDSON, J., who takes no part.

BECKER, Justice (dissenting).

I respectfully dissent.

I. This court has consistently turned to Bridenstine v. Iowa City Elec. R. Co., 181 Iowa 1124, 1135–1137, 165 N.W. 435 (1917) to determine whether interest is allowable from date of death to date of judgment. That case relies on Collins v. Gleason Coal Co., 140 Iowa 114, 124, 115 N.W. 497, 118 N.W. 36, 37 (1908) (damage to property) wherein we said:

> "The time of the injury being thus definitely fixed, plaintiff was *entitled* to interest on the actual amount of damage found; and, *unless it can be said that the jury allowed interest in fixing the amount of its verdict, there was no error in adding it to the verdict.* It was then merely a matter of computation, and the court could do that as well as the jury. The court having instructed that the plaintiff could only recover the difference in the value of the land before and after the injury, *it will not be presumed that the jury disregarded the instruction and allowed interest.*" (Emphasis added).

In Bridenstine v. Iowa City Elec. R. Co., supra, we said:

> "It follows that plaintiff was *entitled* to interest on the damages allowed, and, as the *court had omitted any instruction to the jury upon that subject,* it did not err in correcting the verdict and judgment by adding interest to the amount of the damages assessed by the jury." (Emphasis added). (loc. cit. 181 Iowa at p. 1137, 165 N.W. at p. 440.).

Then in General Mills, Inc. v. Prall, 244 Iowa 218, 223, 56 N.W.2d 596, 599 (1953), we said:

> "In Hollingsworth v. Des Moines & St. L. Ry. Co., 63 Iowa 443, 447, 19 N. W. 325, we held that *if the court in express terms had not told the jury whether plaintiffs were entitled to interest or not, it was not error for the court to add*

*it later.* In that case the court acted prior to appeal. It required a determination that the jury had not included such interest in the amount of its verdict—a judicial decision. The respondent here might well have submitted it to the jury; or not having done that might, upon a proper finding, have directed the clerk to compute and add the interest to the verdict." (Emphasis added).

In each of those cases the following points are clear, (1) interest from the time of death should be added either by the jury or the judge as a matter of entitlement; (2) it will not be presumed from the instructions, if they are silent on the subject, that the jury has considered this item; (3) if the instructions are silent the trial court can and should compute and add the interest for the time stated.

Thus the matter stood until Sisson v. Weathermon, 252 Iowa 786, 799–800, 108 N.W.2d 585, 592 (1961). Again we recognized the above principles:

> "The primary question in connection with allowance of interest on the recovery from date of death to date of verdict is whether or not from the instructions it appears the jury have considered interest in arriving at the amount of the verdict."

But this court continues:

> *"The word 'interest' was not specifically used* in the instuctions in the case at bar, but the jury were instructed, in effect, that plaintiff was entitled to recover, if at all, the present worth of the pecuniary loss to the estate, computed as of the time of the verdict—not as of the time of death. It is obvious the present worth of a sum payable in the future becomes greater as the time for payment grows nearer. So the present worth of the pecuniary loss to this estate was greater at the time of the verdict than at the time of decedent's death—and by approximately the amount of interest on the present worth at time of death, if

computed from that time, to time of verdict. So the effect of the instructions, which it is presumed the jury followed, was to give plaintiff the benefit of approximately the amount of interest on the present worth of the pecuniary loss to the estate as of the time of death." (Emphasis added).

Thus the court on rather tenuous reasoning concluded that *in the absence of an express instruction on interest* and because of the present worth—figured now in advance —formula, the jury did include interest either by express consideration or in effect, Tenuous as this may be, it is established as the law of this jurisdiction and was followed in Abel v. Dodge, 261 Iowa 1, 10–11, 152 N.W.2d 823, 828, with an equally tenuous strengthening when we added:

"In the quoted instruction the jury was plainly told in effect to allow, in the event of recovery, the present worth or value of the pecuniary loss to decedent's estate. This fairly means that such worth or value was to be computed as of the time of verdict rather than the earlier time of death."

This conclusion is sound only if all of the other instructions also use date of trial as a basis. For instance, in this case Instructions 13 and 14 contain these statements:

"The measure of damages to his estate for the death of David Pagel will be the present worth or value of the estate which he would reasonably be expected to have saved and accumulated as a result of his own efforts *from the date he attained his majority* if he had lived out the term of his natural life. * * *

"Such allowance of damages to the father, Duane Pagel, if any damages you find for him, should include the present value of the services of David Pagel and the present value of the probable earnings of David Pagel during the remainder of his minority, less the probable cost of his maintenance, *from the date*

*of his death* until he attained his legal majority." (Emphasis added).

It is not at all clear to me that the jury would *know* that *present value* refers to time of verdict rather than to time of death or time of attaining majority.

If the other instructions, such as the instruction dealing with life expectancy, deal with the issues as of time of death, then there is additional reason to believe that the computation is to be made at time of death rather than time of verdict.

II. All of the instructions must be taken and read together. We are not advised here as to whether the life expectancy instruction was based on *date of death,* as is normal (see Iowa Uniform Instruction, 3.- 10A), or on date of verdict. Further, the jury was specifically told in Instruction 14A not to consider interest on the allowance of damages. If we adhere to the original principles of this court that in a death case plaintiff is *entitled* to interest allowed either by the jury or the court, then Instruction 14A compels the additur.

Instruction 14A is a vital distinction between this case and Sisson v. Weathermon, and Abel v. Dodge, both supra. In those cases and all of the other cases considered, the subject of interest was not mentioned anywhere in the instruction. Here it was. Plaintiff has the benefit of both the old presumption that the jury did not consider interest (if they were not instructed so to do) and the explicit instruction forbidding such consideration. Yet we still find the jury must have allowed interest.

III. How much stronger should the instructions be? How can plaintiff get a fair shot at his entitlement to interest under the instructions as they are now commonly given? Defendant here has a suggestion. He says Instruction 13 should have read:

"1. 'Such allowance of damages to the father, Duane Pagel, if any damages you find for him, should include the ~~present~~ value of service of David Pagel (com-

puted to present value) *at the date of his death* and the ~~present~~ value of the probable earnings of David Pagel (computed to present value) *at the date of his death* * * *'

"2. 'The measure of damages to his estate for the death of David Pagel will be the ~~present~~ worth or value of the estate (computed to present value) *at the date of his death* which he would * * *'." (Emphasis and parenthetical material added).

Defendant's suggestion would make the instruction clearer. If the material in parenthesis above were added and the word "present" deleted as noted, the instruction might still be improved. At the very least we should criticize Iowa Uniform Instruction No. 3.10 and suggest clarification. The present Uniform Instructions in this area are obscure. They simply are not clear enough to allow determination, (1) as of what date the damages are assessed and (2) whether interest on such damages was or was not taken into account by the jury.

But why should this obscurity redound solely to the detriment of plaintiff? Especially in view of the submission of Instruction 14A? If defendants were afraid of being assessed double interest they could have requested the clarification they now suggest. They did not do so. The old presumption that the jury does not allow interest except when specifically told to do so, aided by the specific Instruction 14A and the fact there is no showing but what the life expectancy table was predicated on age at time of trial, should combine here to allow the finding that interest was not in fact considered by the jury.

Certainly it would have been clearer to modify "present value" by the words· "at the date of his death." By the same token if the court wanted to be sure the jury considered the item of interest to which plaintiff is entitled, it could have plainly told the jury they are to compute interest from the date of death to the date of verdict and add it to the verdict. The court

did neither. Thus the interest should now be added.

IV. The trial judge's explanation of what he meant in telling the jury to disregard interest seems to be beside the point. The fact is, he clearly told the jury not to consider interest on the allowance of damages. Also the court's distinction between telling the jury to disregard interest on *any allowances of damages* as opposed to *any claim* is, to my mind, unfair. If this is indeed a distinction it would be lost to the jury without special explanation which was not made.

I would order the interest added to the judgment.