Patricia FREEMAN, Appellant,

v.

**ERNST & YOUNG, Appellee.**

No. 94–1635.

Supreme Court of Iowa.

Dec. 20, 1995.

John Riccolo and David L. Baker of Riccolo & Baker, P.C., Cedar Rapids, for appellant.

J. Richard Johnson of White & Johnson, P.C., Cedar Rapids, David J. Tocco and Gerri L. Kornblut, Cleveland, Ohio, and Thomas L. Riesenberg, Washington, D.C., for appellee.

Considered by McGIVERIN, C.J., and LARSON, NEUMAN, ANDREASEN, and TERNUS, JJ.

PER CURIAM.

The primary question we must decide in this case is whether the court may properly use a nunc pro tunc order to correct the rate of interest awarded on a judgment, so that it conforms with Iowa Code section 668.13 (1993), where the clerk entered a rate of interest in the judgment record under the general interest statute, Iowa Code section 535.3, pursuant to the court's ruling awarding interest "as provided by law." We conclude the court properly corrected the interest rate pursuant to an order nunc pro tunc.

## I. *Background Facts and Proceedings.*

This appeal arises out of a negligence action brought by plaintiff in which she claimed one of defendant's employees had misrepresented the value of the video rental business she was purchasing. Following a bench trial, the court determined defendant was twenty-five percent at fault. Accordingly, on February 5, 1993, the court entered judgment against defendant for twenty-five percent of plaintiff's total damages of $180,900 or $45,225, plus interest "as provided by law." The clerk entered judgment against defendant for $45,225 plus ten percent interest per annum. On appeal, we determined the trial court erred in its application of chapter 668, Iowa's Comparative Fault Act, and remanded for an entry of judgment against defendant for the entire $180,900. *Freeman v. Ernst & Young,* 516 N.W.2d 835 (Iowa 1994).

On remand, a dispute arose over the application of the proper interest rate.[1] Defendant urged the interest rate awarded on the judgment should have been calculated pursuant to chapter 668. On August 22, 1994, the court entered an order modifying the original judgment in accordance with our decision and reserved ruling on the issue of the proper interest rate. On this same day the parties filed a stipulation providing that "in the

event that the interest rate provided for under Chapter 668 should be applied, it is agreed that the interest rate for judgments as of the date of this Order shall be the applicable interest rate."

Plaintiff filed an application for a hearing to determine the interest rate, asserting defendant's failure to bring a timely appeal from the judgment entry or to seek relief pursuant to Iowa Rule of Civil Procedure 252 precluded the court from modifying the interest rate. Among other things, defendant argued in its response that the court clerk mistakenly entered the interest rate in the record and that the court should correct the clerical mistake pursuant to its inherent power to enter a nunc pro tunc order.

The district court found the "analysis of the Defendant in its Response to Plaintiff's Application is correct and the rate of interest should be calculated pursuant to Iowa Code section 668.13." The clerk entered a 3.67% interest rate on the judgment in the judgment record.[2]

On the present appeal plaintiff contends interest should remain as set by the clerk on the original judgment, at ten percent. She asserts the court erred in modifying the interest rate pursuant to a nunc pro tunc order because there was no evident mistake in the judgment to correct. Plaintiff further argues defendant's attempt to correct the interest rate was untimely as it had failed to challenge the clerk's entry on the first appeal or seek a modification of the judgment within the one-year limitation of Iowa Rules of Civil Procedure 252 and 253. Finally, plaintiff argues that even if the court correctly modified the interest rate to conform with section 668.13, it should have honored the parties' stipulation providing that the applicable interest rate should be the rate for judgments entered on August 22, 1993.

## II. *Nunc Pro Tunc Order.*

The parties dispute whether the rate of interest entered by the clerk can be correct-

---

1. On the first appeal, neither plaintiff nor defendant raised the issue of the proper interest rate to be applied to the judgment.

2. In its response to plaintiff's application for a hearing to determine interest rate, defendant noted that on August 22, 1994, the § 668.13 interest rate was 5.67%.

ed pursuant to a nunc pro tunc order. Our review in actions at law is for correction of errors. *See Papenheim v. Lovell*, 530 N.W.2d 668, 671 (Iowa 1995); Iowa R.App.P. 4.

■ "Nunc pro tunc" literally means "now for then." *See* Black's Law Dictionary 1218 (rev. 4th ed. 1968). "The function of a nunc pro tunc order is not to modify or correct a judgment but to make the record show truthfully what judgment was actually rendered—'not an order now for then, but to enter now for then an order previously made.'" *General Mills v. Prall*, 244 Iowa 218, 225, 56 N.W.2d 596, 600 (1953). A nunc pro tunc order "is not for the purpose of correcting judicial thinking, a judicial conclusion, or a mistake of law." *Headley v. Headley*, 172 N.W.2d 104, 108 (Iowa 1969). It can be used only to correct obvious errors or to make an order conform to the judge's original intent. *Graber v. Iowa Dist. Ct.*, 410 N.W.2d 224, 229 (Iowa 1987).

■ In its findings of fact, conclusions of law, and ruling the district court provided that judgment is "entered against the Defendant, in favor of the Plaintiff, in the amount of $45,225 plus interest *as provided by law.*" (Emphasis added.) Iowa Code section 668.13 provides that interest shall be allowed on all money due on judgments and decrees on actions brought pursuant to chapter 668. Section 668.13(3) provides how the interest rate on judgments shall be calculated.[3]

Plaintiff's action was brought pursuant to chapter 668; therefore, the interest "as provided by law" should have conformed to the dictates of section 668.13. However, the clerk entered the interest rate of ten percent in the judgment record, apparently pursuant to the general interest statute, section 535.3.[4]

■ We believe the court properly used a nunc pro tunc order to correct the rate of interest awarded on the judgment. The

court's intention to award interest pursuant to section 668.13 can be inferred from the type of action before it. "[T]he intent of the trial judge is crucial to the determination of whether a nunc pro tunc order is appropriate to 'correct' a record." *See McVay v. Kenneth E. Montz Implement Co.*, 287 N.W.2d 149, 151 (Iowa 1980). The nunc pro tunc order was appropriate to make the record show truthfully what judgment was actually rendered. *See General Mills*, 244 Iowa at 225, 56 N.W.2d at 600.

■ Moreover, the power of the court to make a nunc pro tunc order is inherent and is not lost by the mere lapse of time. *See Locher v. Livingston*, 168 Iowa 457, 459, 150 N.W. 614, 615 (1915). The power and authority of the court to correct an evident mistake is not restricted by rules 252 and 253. *See Murnan v. Schuldt*, 221 Iowa 242, 249, 265 N.W. 369, 373 (1936) (holding the court's inherent power and authority to enter a nunc pro tunc order is not restricted by Iowa Code sections 11550, 12787, 12790, and 12791—prior codifications of rules 252 and 253). Therefore, because the court properly used a nunc pro tunc order to correct the judgment, we do not address plaintiff's contention that the court could not modify the judgment pursuant to an untimely Iowa Rule of Civil Procedure 252 motion.

## III. *Appropriate Rate of Interest.*

■ Plaintiff maintains that if interest is to be set pursuant to section 668.13 the court should have honored the parties' stipulation providing that the proper interest rate was that of August 22, 1994, 5.67%. We disagree.

■ Section 668.13(3) provides "[i]nterest shall be calculated as of the date of the judgment...." The judgment was filed on February 5, 1993, and modified on August 22, 1994. The question of which judgment date should be used in determining the proper interest rate pursuant to section 668.13 is a

---

3. "[I]nterest shall be calculated as of the date of judgment at a rate equal to the coupon issue yield equivalent, as determined by the United States treasury secretary, of the average accepted auction price for the last auction of fifty-two week United States treasury bills settled immediately prior to the date of the judgment."

4. Iowa Code § 535.3 provides, however, that it does not "apply to the award of interest for judgments and decrees subject to section 668.13."

question of law. "Stipulations as to the law do not settle for the court what the law is, and consequently are of no validity." *State v. Aumann*, 236 N.W.2d 320, 322 (Iowa 1975); *see* 73 Am.Jur.2d *Stipulations* § 5, at 539 (1974). Therefore, the court was not bound to honor the parties' stipulation in this case.

■ We find the interest rate should be calculated as of the date of the original judgment in this case, February 5, 1993, because that is the date of the judgment being corrected by the order nunc pro tunc. We therefore remand to the district court for entry of an order awarding interest on the judgment at the applicable rate of interest on February 5, 1993.

IV. *Conclusion.*

The district court properly modified the rate of interest awarded on plaintiff's judgment against defendant pursuant to a nunc pro tunc order. Therefore, we affirm the court's nunc pro tunc order altering the interest rate on the judgment to conform with section 668.13. However, we remand to the district court for entry of an order providing that the rate of interest be calculated on the February 5, 1993 date of judgment.

**AFFIRMED AS MODIFIED AND REMANDED.**